HUBBELL
*v.*
INKSTEIN.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THE STATE OF LOUISIANA *v.* WILLIAM FOSTER.

| 7 | 255 |
|---|---|
| 51 | 1184 |

| 7 | 255 |
|---|---|
| 105 | 641 |
| 7 | 255 |
| 114 | 415 |

Where an offence, other than willful murder, arson, robbery, forgery and counterfeiting, has not been committed within the year next preceding the indictment, the indictment should show, that the accused cannot avail himself of the limitation, by charging that he absconded or fled from justice, or that the crime was not discovered and denounced in the manner pointed out by the act of 25th March, 1844, until within a year of the finding by the grand jury.

The indictment charged that the mortal stroke was given in the parish of St. Bernard, but that the deceased languished and died on Lake Borgne. It was held, that it was proper to charge in the indictment, the truth that the death occurred on Lake Borgne, and it was immaterial whether it occurred within the jurisdiction of Louisiana, Mississippi, or on the high seas, within the jurisdiction of the United States.

APPEAL from the District Court of the parish of St. Bernard, *Rousseau*, J. *Charles Bienvenu*, District Attorney, and *Isaac Johnson*, Attorney General, for the State. *J. M. Ducros*, for defendant. By the court:

PRESTON, J. The prisoner was accused of murder, convicted of manslaughter, sentenced to the penitentiary, and has appealed.

He complains that, being in prison, he was not allowed to procure for his defence counsel of his choice. He was arraigned on the 5th of January, 1852, and was not tried until the 12th of that month. This interval afforded ample time for him to have procured counsel of his choice, in default of which, the court assigned him counsel, who it appears by the record and briefs, was fully competent to defend him.

There are other grounds presented in support of an application for a new trial, which it has heretofore been decided are not tenable in this court.

In arrest of judgment, it is urged that the place where the death took place, was not set forth in the indictment with sufficient certainty. It is charged in the indictment, that the mortal stroke was given in the parish of St. Bernard, within the jurisdiction of the Second District Court, but that the deceased languished and died on Lake Borgne.

The common law adoption by our Act of 1805, was modified by the statute of II. George, which provides that, "where the stroke has been given in England, and the death occurs out of England, or the reverse, the killing may be inquired of in that part of England where either the death or stroke shall happen respectively." 1 East. p c. 365, and so the late Court of Errors and Appeals, in criminal cases, held in the case of *The State* v. *McCay et al.* " That where the mortal stroke was given in this State, but the death occurred in the State of Mississippi, the crime might be prosecuted in the parish where the mortal stroke was given." 8 R. R. 545. It was proper, therefore, to charge in the indictment the truth, that the death occurred on Lake Borgne, and it was immaterial whether it occurred within the jurisdiction of Louisiana, Mississippi, or on the high seas, within the jurisdiction of the United States.

STATE
v.
FOSTER.

Another ground urged for arresting the judgment, presents more difficulty. The indictment was found the 5th of January, 1852. It charges, that the crime was perpetrated in November, 1850, more than a year before the indictment was found. The petit jury found the prisoner guilty of manslaughter only, and thereby substantially acquitted him of murder. Now, the Act of 1805 prescribes that, " no person shall be prosecuted, tried or punished for any offence, willful murder, arson, robbery, forgery and counterfeiting excepted, unless the indictment or presentment for the same, be found or exhibited within one year next after the offence shall be done or committed, provided, that nothing herein contained shall extend to any person absconding or fleeing from justice."

Another exception was made to the limitation of prosecutions, by the 3d section of an Act approved the 25th of March, 1844, that it should commence only from the time the crime or misdemeanor was discovered and made known to a public officer having power to direct its investigation or prosecution, page 80.

It is not charged in the indictment, that the prisoner absconded or fled from justice, nor is it alleged that the crime was not discovered and denounced until within a year of the finding by the grand jury; until one or the other of these facts are alleged and proved to the satisfaction of a petit jury, the prisoner, in the words of the statute, cannot be " punished" for manslaughter. Every thing essential to his punishment must be found by a jury of his country, and must appear of record; otherwise, the law does not authorize a court to pass sentence upon him.

It is true, it was alleged in opposition to the motion in arrest of judgment, that the prisoner had fled from justice, and the governor's proclamation offering a reward for his apprehension, was produced to prove it. We do not think the court had power to try that fact, but that it should have been distinctly charged in the indictment, and proved on the trial by the oaths of witnesses and other legal testimony, to the satisfaction of the jury, to support their verdict for manslaughter. We are therefore obliged to arrest the judgment, and we do it more readily, as if in point of fact the prisoner was a fugitive from justice, this prosecution will not bar another for manslaughter, containing the charge that he fled from justice.

The verdict against the prisoner is set aside, and the judgment of the district court arrested, without prejudice to a legal prosecution for the crime of manslaughter.

---

## SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

To maintain the plea of *autre fois convict*, the crime must not only be the same for which the defendant was before convicted, but the conviction must have been lawful on a sufficient indictment.

The accused was indicted for murder, and convicted of manslaughter. The indictment was insufficient to sustain the charge of manslaughter, and judgment was arrested, but without prejudice to a legal prosecution for the crime of manslaughter.

By the court:

PRESTON, J. The defendant asks for a re-hearing on the ground, that having been convicted of manslaughter, the verdict having been set aside and judgment arrested by this court, he cannot be put in jeopardy again for the same offence. We would have inferred the contrary from the decision of the late Court of Errors and Appeals, in the case of *The State* v. *Hornsby*, 8 R. R. 583. Be

that as it may, it seems to be a well settled principle of criminal law, that the plea of *autre fois convict*, depends, like the plea of *autre fois acquit*, on the principle, that no man shall be put more than once in jeopardy for the same offence; and, in order to maintain the plea, the crime must not only be the same for which the defendant was before convicted, but the conviction must have been lawful, on a sufficient indictment. 1 Chitty 376. 9 East. 441. In the present case, the conviction was on an indictment clearly insufficient to sustain the verdict for manslaughter, more than a year having elapsed between the commission of the crime and the prosecution.

<div style="text-align:right">STATE<br>v.<br>FOTER.</div>

The re-hearing is refused.