State vs. Robinson.

## No. 1119.

### THE STATE OF LOUISIANA vs. AMOS ROBINSON.

The State can appeal in criminal cases from a judgment sustaining a motion in arrest of judgment when the case is otherwise appealable.

Objections to an amendment of an indictment must be made when it is offered or when the Court has allowed it, and they must be incorporated in a bill of exceptions. They cannot be urged in a motion in arrest of judgment.

Objections to a juror must be made when he is presented. They come too late after conviction.

| | |
|---|---|
| 37 | 673 |
| 48 | 1011 |
| 48 | 1020 |
| 37 | 673 |
| 50 | 463 |
| 51 | 1182 |
| 37 | 673 |
| 120 | 437 |
| 37 | 673 |
| 124 | 500 |

43

State vs. Robinson.

A letter written after the homicide by a brother of the deceased to one of the witnesses for the defendant is irrelevant to the sole inquiry before the jury and was properly excluded.

APPEAL from the Fifth District Court, Parish of Ouachita. Richardson, J.

*F. G. Hudson*, District Attorney, for the State, Appellee:

One cannot speculate upon the chances of a verdict in his favor, and after conviction object to the jury.

After verdict it is too late to urge disqualification of a juror who sat upon the trial. 8 Rob. 590; 6 A. 310; 4 A. 182; 13 A. 276; 7 A. 284; 21 A. 546; 25 A. 370, 537, 573; 30 A. 91; 26 A. 383; 32 A. 1162; 4 Dall. 354. 33 A. 896; 35 A. 24.

The ruling of a trial judge denying a motion for a new trial based upon the ground that the verdict of the jury is contrary to the law and evidence, will not be disturbed unless glaringly erroneous.

This court has no jurisdiction of questions of fact in criminal cases. 33 A. 310, 679, 782; 33 35 A. 96.

Irrelevant testimony should be excluded.

Acts and declarations of one not a party to nor witness in a criminal case, when they do not constitute parts of the *res gestæ*, are irrelevant and inadmissible.

The right to amend must be determined when the amendment is offered.

In an indictment charging murder, an amendment intended to negative prescription of a verdict for manslaughter is not one of substance.

An amendment intended to negative prescription is permissible.

After consenting to such an amendment, one cannot take advantage after verdict and urge that it should not have been filed. 35 A. 54.

"Every objection to any indictment apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and not afterwards.' Rev. Stat. § 1063; Rev. Stat. 1870, § 1064; 32 A. 335; 37 A. State vs. Toney Taylor; 35 A. 96.

The word indictment shall be understood to include information and presentment as well as indictment, and also any plea, replication or other pleading. Rev. Stat. § 1066.

Where an indictment for a prescriptible offence is filed more than a year after its alleged commission, and prescription is therein negatived by the usual averments, the onus is not on the State to prove the negative. Whar. Criminal Law, § 614; 1st Greenleaf, § 79; State vs. Barrow, 31 A. 691; State vs. Barton, 32 A. 278; State vs. Barfield et al., 36 A. 89. That which is not necessary to be proved cannot be said to be of substance.

The State has the constitutional right to appeal in criminal cases where the indictment has been quashed before trial or held bad upon demurrer, and where it purports to charge an offence perishable with death or imprisonment at hard labor. State vs. Miles Taylor, 34 A. 978; State vs. Ellis, 12 A. 399; State vs. Ross, 14 A. 364; State vs. Henry, 10 A. 207; State vs. Cheovers, 7 A. 40; State vs. Humphreys, 35 A. 967.

*Boatner & Boatner* for Defendant and Appellant:

The opinion of the Court was delivered by

MANNING, J. An indictment for murder was found against the defendant in April 1885 laying the commission of the crime in February 1883. After arraignment and plea the district attorney amended the indictment with leave of the court by inserting the allegation that

State vs. Robinson.

the defendant had been a fugitive from justice since the commission of the offence. There was a verdict for manslaughter and a motion in arrest of judgment because the indictment had not been found within a year from the commission of the crime and did not contain any allegation that deprives the defendant of the plea of prescription. The judge sustained this motion and discharged the prisoner. The State appealed.

The defendant moves to dismiss on the ground that the State cannot appeal from a judgment sustaining a motion in arrest.

The right of the State to appeal in criminal cases when the indictment has been quashed or held bad on demurrer is settled beyond dispute. Of course the case must be otherwise appealable, i. e. the crime charged must be punishable with death or imprisonment at hard labour. State v. Ellis, 12 Ann. 390 ; State v. Ross, 14 Ann. 364 ; State v. Taylor, 34 Ann. 978.

The language of the court in those cases appears to restrict the right to prosecution wherein the indictment was quashed, but that was only from abundant caution. There was no need to state the doctrine beyond the requirement of the cases then in hand and indeed such statement would have been *obiter*. But the same reasons that entitle the State to appeal when the indictment has been quashed and the prosecution has thus been prevented, apply when the prosecution has been successful but its fruit has been snatched by an arrest of judgment. There can be no question arising of putting twice in jeopardy, for if we overrule the motion in arrest we simply remand the case for sentence.

The criterion of the State's right of appeal is whether the ruling of the judge is upon a matter with which the jury have nothing to do. Where there has been an acquittal by the jury the State cannot appeal although there has been a misdirection by the judge, but where the jury have nothing to do with the matter in hand but it is a question for the judge alone, as in a motion to quash before trial or a motion in arrest after conviction, the State may appeal from an adverse judgment. The function of a jury in criminal cases, to which a sort of sacredness has been attached by tradition, is not interfered with by the rulings of the judge upon matters wholly disconnected with the guilt or innocence of the accused and relating solely to legal questions arising upon the structure of indictments or upon the form of pleadings, and there can be and is no reason why the State should not appeal when the judgment is alone upon those and kindred matters.

The appeal cannot therefore be dismissed.

The lower judge of course ignored the amendment of the indictment in sustaining the motion in arrest, for if the amendment was

properly made the plea of prescription was voidable by the fact of the defendant fleeing from justice and it was for him to prove the facts necessary to make his plea effective. State v. Barrow, 31 Ann. 691. The legality of the conviction thus turns upon the legality of the amendment to the indictment.

The record states that the amendment was made with leave of the court, and the testimony of the circumstances under which it was made, which comes up with the bill, shews that the amendment was submitted to the prisoner's counsel before it was offered to the court and if assent was not given, certainly no objection was made. That was the time when objection should have been made and we do not mean merely verbal objection but a bill should have been taken to the court's permission to make the amendment.

An objection to the' amendment of an indictment like an objection to the indictment apparent on its face must be made before the trial is had, and cannot be made after conviction. It is assimilated to the objection to an incompetent juror. Unless it is made at the time the juror is offered, objection cannot be made thereafter. An accused who fails to object to an amendment of the indictment when it is presented or when it has been allowed, and who neglects to take his bill to such allowance is fairly presumed to waive any objection thereto. He can waive it just as he can waive arraignment and he can no more take advantage of a want of arraignment when he has specially waived it than he can avail himself of objections to an amendment of the indictment when he has failed to make them at the proper time. We do not mean by this to intimate that there are valid objections to the amendment. We pretermit the discussion of the question whether the amendment is one of substance or of form, and whether it could have been prevented by timely objection.

Two bills of exception were taken—one to the sitting of a juror on the trial who was disqualified. The objection to him was not made when he was offered nor until after conviction and in the motion for a new trial and comes too late. The other bill was to the refusal of the judge to admit in evidence a letter from a brother of the deceased to one of the defendant's witnesses written after the homicide. It was wholly irrelevant to the only question the jury had to decide viz. the guilt or innocence of the defendant and was properly refused.

It is therefore ordered and decreed that the judgment of the lower court sustaining the motion in arrest of judgment in this cause is reversed, and the case is remanded with direction to the trial judge to pass sentence upon the defendant for the offence of which he has been convicted.

Fenner J. was not present at the argument and takes no part.