No. 13,938.

STATE vs. HENRY WEST.

SYLLABUS.

1. The plea of prescription was properly referred to the jury. It presented for decision a mixed question of law and fact.

2. The verdict found, in effect, disposed of that plea. No bill of exception was taken to the court's action in referring the plea of prescription to the jury.

3. The trial judge delivered an oral charge to the jury. No objection was made to the charge before the verdict was found. Objection to the charge comes too late, when urged for the first time in an application for a new trial. If error was committed in the charge, it was not gross error, such as would justify the appellate court in setting aside the verdict.

4. The facts alleged regarding the affidavit made before a justice of the peace do not show that the crime charged was brought to the attention of an officer authorized to direct a prosecution in manner required, and that, in consequence, there was prescription, as the indictment was found more than twelve months after the affidavit had been made. The plea does not fully identify the officer before whom the affidavit was filed and does not show that the officer became seized of jurisdiction by bringing on the arrest of the accused or doing anything toward bringing on an investigation.

A 'PEAL from the Fourteenth Judicial District, Parish of Avoyelles —*Couvillon, J.*

*Walter Guion,* Attorney General, and *J. W. Joffrion,* District Attorney (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

*L. J. Ducote* and *J. M. Edwards,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant, charged with "horse stealing," was indicted on the 8th day of March, 1901. The indictment sets forth that the offense was committed on the 12th day of May, 1898. It contains the usual averments made in order to negative prescription.

The defendant, just prior to going to trial, by way of motion to quash interposed a plea of prescription, on the ground that more than twelve months had elapsed from the date the asserted crime was alleged to have been committed to the date that the indictment was filed. The motion to quash was referred to the jury for decision, as presenting a question of fact regarding prescription, which is within the province

of that body to decide. The jury did not expressly pass upon the question of prescription, but did decide it to the extent that the verdict implies. The verdict was "guilty." On this verdict the court sentenced the accused to serve one year at hard labor in the penitentiary. After the verdict, the defendant moved for a new trial, and in this motion he again pleaded the prescription of one year and complained of the judge's ruling in having referred the plea of prescription to the jury, and urged that his plea had not been passed upon, either by the trial judge or by the jury.

Defendant specially averred that the indictment found against him charges him with horse stealing in the year 1898, May 12th, and was found on the 8th day of March, 1901, more than one year after the commission of the crime charged, and although it was made known to a public officer, viz: Jules C. Couvillon, a justice of the peace, empowered to authorize a prosecution, by an affidavit made by Marius Voinchi, in August, 1898, and this fact was fully established before the jury. The judge overruled the application for a new trial. A bill of exceptions was taken from this ruling setting forth, *inter alia,* that the trial judge had erred in his charge by instructing the jury that the only officers under the statute authorized to direct a public prosecution, and coming within the scope of Statute 73 of 1898, are the Attorney General, the district attorney, and the grand jury. The judge admits that such was, in substance, his charge to the jury, and that the facts were correctly set forth in the bill of exceptions, but he sets forth that defendant did not object to the charge when it was delivered to the jury, or at any time before the verdict was returned into court.

Before passing upon the affidavit as having been made and the failure to call the judge's attention to this plea and requesting him to charge the jury in this respect, we will consider and decide the question whether it was proper to refer the plea of prescription to the jury for decision.

We meet with no difficulty in finding well considered decisions in which it was held that it is proper and legal to refer the question of prescription to the jury for decision. In view of these decisions, we think that the court did not err in referring the plea to that body. The question is one more particularly of fact. We are decidedly of the opinion that in order that the jury may find a verdict of guilty, it must clearly appear to the satisfaction of the jury that the plea of prescription is not well founded. This court has decided that everything essen-

tial to the punishment must be found by a jury to authorize the court to pass sentence. State vs. Foster, 7 Ann. 256. Prescription involves an issue of fact. State vs. Victor, 39 Ann. 878.

But we have noted that defendant urges that his plea was not passed upon by either the trial judge or the jury. In answer to this complaint, we think it sufficient to say that the verdict in itself disposed of the issue. The question must have been decided by the jury in order to arrive at the conclusion made evident by the verdict. If this position be correct, the defendant then urges that the jury was led into error by the erroneous charge of the court in instructing the jury that no other officers than the Attorney General, the district attorney, and no other authority than the grand jury are empowered to direct a public prosecution.

We are constrained to say that the defendant was slow in urging this objection. The judge delivered an oral charge. Not a word of objection was made to it as given to the jury. The issue here presented should have been raised at the time the charge was delivered and a bill of exceptions reserved. Nothing of the kind was done. The practice of raising an objection to the charge for the first time in an application for a new trial does not recommend itself to the approval of the court. The general rule is that an objection to the charge comes too late when urged for the first time in an application for a new trial. True, here it was urged in a motion to quash the indictment, but we have already determined that the motion was properly referred to the merits and that the jury's verdict has settled the question of prescription to the extent that it was necessary to settle it on a motion to quash. No bill of exceptions was taken and no facts are brought up by a bill of exceptions, as required in matter of the motion to quash. Thereafter the question was not renewed when the judge delivered his charge. No complaint was made on the ground set forth in the motion to quash. No exception was reserved regarding the court's action on the motion to quash. The question is before us only on the bill of exceptions, in which the court states, and the statement is not questioned, that the motion for a new trial was refused, the defendant's counsel not having objected to the judge's charge when it was given to the jury.

In the case of State vs. McClanahan, 9 Ann. 210, the court said: "No instructions appear to have been asked nor objection urged before the jury retired," and the verdict was sustained.

In the Ricks case, 32 Ann. 1098, a different view was expressed. In

a decision of a subsequent date, this court criticised the last cited decision and referred to it as having been modified.  State vs. Cantes, 34 Ann. 1214.

The court, in the case of State vs. Baird, 34 Ann. 106, laid down the rule, "Only in cases of gross and unambiguous error will we sustain objection to the charge not made and presented by bill of exceptions at the time of the delivery." We have not found that gross and unambiguous error was committed in this case.

But if the objection to the charge is to be considered even in that view, the facts are that an affidavit was taken before a justice of the peace. The parish in which this officer exercised his functions was not stated, besides, it is not shown that this officer assumed jurisdiction any further than to receive the affidavit. In order to sustain the plea, we think it should at least appear that the affidavit was received and that the magistrate ordered the arrest.

At any rate, even if an affidavit sustains the plea of prescription by showing that the crime charged was called to the attention of the authorities, the accused should request the judge in his charge to instruct the jury that an affidavit had been made. Nothing of the kind was done. The motion in arrest of judgment was a repetition of the grounds averred for the motion for a new trial. These grounds are not of any more avail as a defense than they were on the application for a new trial, which was overruled.

The judgment is affirmed.