(107 So. 393)

No. 27652.

## STATE v. CHRISTIAN.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊂⊃1169(5)—Refusal to sustain objection that evidence of bank closing was immaterial, in prosecution for embezzlement, held not prejudicial, where court actually stated that it was immaterial in presence of jury.**

In prosecution for embezzlement from a bank, refusal of court to sustain objection to testimony of an accountant that he found bank closed when he arrived there, and to instruct jury to disregard it, *held* not prejudicial, where court actually stated to counsel for state in presence of jury that whether bank was open or closed was irrelevant, and instructed him not to develop that line of testimony further.

2. **Criminal law ⊂⊃400(8)—Testimony of expert accountant explaining the meaning of books in evidence held admissible, in prosecution for embezzlement, as against objection as not best evidence.**

In prosecution for embezzlement, testimony of expert accountant as to meaning of books and documents, which he examined in course of his audit, and which were in evidence and inspected by jury, *held* proper as against objection that books and documents themselves were the best evidence, and could not be enlarged or explained.

3. **Criminal law ⊂⊃1170½(3).**

A question to a witness which is not answered is not prejudicial.

4. **Embezzlement ⊂⊃42—In prosecution of bank cashier for embezzlement, admission of account showing deposit and transaction relevant to crime charged held not error.**

In prosecution of bank cashier for embezzlement, admission of accused's account showing a deposit and transaction connected therewith, which were relevant to show commission of crime charged, *held* not error.

5. **Embezzlement ⊂⊃38—Admission of testimony concerning terms of real estate sale held not error, in prosecution for embezzlement.**

In prosecution of bank cashier for embezzlement, testimony concerning terms of sale of certain real estate to accused, the deposit in connection with which formed the basis of the charge, *held* not error.

6. **Witnesses ⊂⊃277(2)—Cross-examination, in embezzlement prosecution, as to whether accused, while cashier, had discovered false entries on books of bank, held not error.**

In prosecution of bank cashier for embezzlement, where accused testified concerning false entries in his bank account, cross-examination as to whether he discovered any false entries on books of bank while he was cashier *held* not open to objection that subject of inquiry was no part of charge or issue in case, and was not brought out in examination in chief.

Appeal from Ninth Judicial District Court, Parish of Grant; Leven L. Hooe, Judge.

James A. Christian was convicted of embezzlement, and he appeals. Affirmed.

Wade J. Broussard, of Alexandria, Albert Cox, of Marksville, and C. H. McCain, of Colfax, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Cleveland Dear, Dist. Atty., and Overton & Hunter, all of Alexandria (E. R. Schowalter, Asst. Dist. Atty., of New Orleans, of counsel), for the State.

ROGERS, J. Defendant appeals from a conviction and sentence under an indictment for the embezzlement of $2,500 belonging to the Bank of Pollock, while he was cashier of said bank. The record contains eleven bills of exception.

[1] Bill No. 1.—L. Jobe, an accountant, a witness for the prosecution, was asked by the district attorney: "What did you find when you went to Pollock?" His answer was that he "found the Bank of Pollock closed." After this statement was made, counsel for defendant objected on the ground that it was irrelevant and immaterial, and asked the court to instruct the jury to disregard it. The objection was overruled and the request refused. Pretermitting a ruling on whether the objection should have been made to the question propounded to the witness rather than to his answer, we find that the district judge actually held that the matter of the bank be-

ing open or closed was irrelevant; that he so stated to the counsel for the state, in the presence of the jury, and instructed him not to develop that line of testimony further. The judge further shows in his statement per curiam that the witness did not state whether the bank was closed because of the failure, or because its doors had not opened for the business of the day, and that he did not formally instruct the jury, because he felt to discuss the question would give it more weight in the jury's mind than to ignore it.

We fail to see how defendant was injured by the action of the court. While the jury was not formally instructed to disregard the statement of the witness, the force and effect of the judge's statement to the district attorney, made in the presence of the jury, that the matter was irrelevant and prohibiting any further testimony along that line, was the same as if the requested instruction had been given.

[2] Bills Nos. 2, 5, 6, 7, and 8.—These bills, in the main, present the same legal question, and, in order to avoid useless repetition, will be considered together. The purpose of the bills is to attack the right of the prosecution to have an accountant explain the meaning of the books and documents which he had examined in the course of his audit. The objection to such explanation, as stated in the bills, was that the books and documents themselves were the best evidence and they could not be enlarged nor explained. The manifest purpose of the explanation sought by the prosecution was to make the evidence plainer and more intelligible to the jury. The witness for the state was an expert accountant, and the documents and books to which reference was made were all offered in evidence and inspected by the defendant and the jury. We think the court correctly admitted the testimony. In answer to a similar objection, in State v. Perry, 90 So. 408, 149 La. 1072, this court said:

"The witness was testifying as an expert accountant, giving the result of his examination of the books of the bank. This kind of evidence is an exception to the rules of hearsay and primary evidence. State v. Mathis, 106 La. 263, 30 So. 834; Shea v. Sewerage Board, 124 La. 331, 50 So. 166."

See, also, the rule, as stated in Underhill's Crim. Ev. (3d Ed.) § 455, p. 652.

[3] Bill No. 6 also involved a further objection to a question propounded to the witness. So far as the bill discloses, the question objected to was not answered. The defendant, therefore, suffered no injury from the unanswered interrogatory. State v. Scara, 96 So. 805, 153 La. 907.

[4] Bill No. 7 includes a complaint against the action of the trial judge in overruling an objection of irrelevancy leveled at the admission of defendant's account subsequent to December 6, 1923. There is no merit in the objection. The account was offered to show a deposit of $1,500 and the transaction connected therewith, which were relevant facts to show the commission of the crime with which the defendant was charged.

Bills Nos. 3 and 4.—The first of these bills was taken to the question: "How is a check or draft handled in a bank when placed there for collection?" The objection was general and without specification, and the bill shows the question was not answered. The other bill was reserved to the overruling of an objection to the offer of the remittance sheet of the Bank of Colfax. The bill does not disclose any of the facts from which this court can determine whether the evidence sought to be excluded was pertinent or not. The trial judge held the evidence to be relevant for the purpose of showing transactions whereby checks deposited to the account of the accused in the Bank of Pollock were sent through the Bank of Colfax for collection. We are unable to say that he erred in so doing. Neither of the bills appears to be well founded.

[5] Bill No. 9.—This bill was taken to the testimony of W. P. Willett, a witness for the

prosecution, concerning the terms of sale of certain real estate which he had made to the defendant. There are no facts set forth in the bill. The district judge, in his statement per curiam, shows that the deposit made in connection with the sale of said real estate formed the basis of the charge on which the defendant was being prosecuted. There is no merit in the bill.

[6] Bill No. 10.—The defendant, on cross-examination, was asked: "Did you discover any false entries on the books of the Bank of Pollock while you were cashier?" The question was objected to on the ground that the subject of the inquiry was no part of the charge or an issue in the case, and that it was not brought out in the examination in chief. The bill is disposed of by the statement per curiam of the trial judge, in which he affirmatively shows that the defendant, on his direct examination, had testified concerning false entries in his bank account, and also that he had been a cashier of said bank.

Bill No. 11.—This bill was reserved to the overruling of a motion for a new trial based upon the objections hereinabove considered, and also upon some other points which are not covered by any bill of exception in the record. The motion was properly denied.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

OVERTON, J., recused.