(111 So. 327)

No. 28339.

## STATE v. HAYES.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊜288—Plea of prescription by failure to prosecute within year after learning of offense must be tried by judge in limine (Rev. St. § 986, as amended by Act No. 50 of 1894).**

Plea of prescription under Rev. St. § 986, as amended by Act No. 50 of 1894, requiring presentment within year after offense was made known to officer authorized to direct prosecution, must be tried and decided by judge in limine; defendant being protected against prosecution or trial, as well as punishment, if facts alleged in plea be true.

2. **Criminal law ⊜288—One pleading prescription must prove offense was known to officer authorized to direct prosecution year or more before information was filed (Rev. St. § 986, as amended by Act No. 50 of 1894).**

One pleading prescription under Rev. St. § 986, as amended by Act No. 50 of 1894, has burden of proving allegation that offense was made known to public officer authorized to direct prosecution one year or more before bill of information was filed.

3. **Criminal law ⊜736(1)—Judges must decide fact questions not relating directly to guilt or innocence (Act No. 113 of 1896; Const. art. 19, § 9).**

Generally, in criminal trials, judges decide only questions of law and juries questions of fact, but judges must decide questions of fact on which they base their rulings, if not relating directly to question of guilt or innocence, especially in view of Act No. 113 of 1896, requiring that record of testimony on such questions be brought to Supreme Court for review; Const. art. 19, § 9, making jury judges of facts on question of guilt or innocence only.

4. **Criminal law ⊜288—Defendant may waive plea of prescription in limine and rely thereon under plea of not guilty, though overruled by judge.**

Defendant, whose prosecution is barred by statute of limitations, may waive special plea in limine and allow question to be involved in general issue of guilt to be decided by jury, and, even when plea is overruled by judge in limine, is not precluded from relying thereon under plea of not guilty.

5. **Criminal law ⊜735—"Mixed question of law and fact" is question depending for solution on questions of both law and fact.**

So-called "mixed question of law and fact" is question depending for solution on questions of both law and fact, but is really a question of either law or fact to be decided by either judge or jury.

[Ed. Note.—For other definitions, see Words and Phrases, Mixed Question of Law and Fact.]

6. **Criminal law ⊜153—Negro fleeing from prominent white victim of assault to adjoining parish, where he lived without concealing identity for 27 years, held not "fugitive from justice" precluded from pleading prescription (Rev. St. § 986, as amended by Act No. 50 of 1894).**

A colored man, fleeing from prominent white victim of assault and his sympathizers, without officer or warrant of arrest, into adjoining parish, where he lived with family within a mile of parish in which crime was committed, without changing his name or concealing his identity, for 27 years, during which time no warrant was issued for his arrest, nor any charge preferred against him, *held* not a fugitive from justice, precluded from setting up plea of prescription under Rev. St. § 986, as amended by Act No. 50 of 1894.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fugitive from Justice.]

Appeal from Eighteenth Judicial District Court, Parish of Pointe Coupee; Wm. C. Carruth, Judge.

Frank Hayes was accused of assault by willful shooting, and, from a judgment sustaining his plea of prescription, the State appeals. Affirmed.

See, also, 161 La. 963, 109 So. 778.

Percy Saint, Atty. Gen., Jacob H. Morrison, Dist. Atty., of New Roads (E. R. Schowalter, of New Orleans, of counsel), for the State.

Dupont & Dupont, of Plaquemine, for appellee.

O'NIELL, C. J. The state has appealed from a judgment sustaining a plea of prescription filed by the defendant, who was accused of assaulting by willfully shooting at one Mumford Philips many years ago. In the bill of information, filed on the 19th of October, 1925, it was alleged that the crime was committed on or about the 15th of August, 1898, but that the fact was not known by any public officer having the power to direct a prosecution until the 12th of June, 1925, and that the defendant absconded and fled from justice immediately after committing the offense, and was a fugitive from justice continuously until the 13th of June, 1925.

The defendant alleged in his plea of prescription that the fact that the shooting had occurred was made known to the sheriff immediately after the shooting, and that he (the defendant) had never absconded or fled from justice. The plea of prescription was founded upon section 986 of the Revised Statutes, as amended by the Act 50 of 1894, p. 60, declaring that no person shall be prosecuted, tried, or punished for any offense (excepting murder, arson, robbery, forgery and counterfeiting) unless the indictment or presentment be found within a year after the offense was made known to a public officer having the power to direct a prosecution, and providing that the statute shall not protect a person who has absconded or fled from justice.

[1, 2] The plea of prescription was tried by the judge alone, before the defendant was put on trial by a jury. The district attorney protested that, inasmuch as the defendant, by his plea of prescription, had put at issue only questions of fact, as to when the offense was first made known to a public officer and as to whether the defendant had fled from justice, the plea should be referred to the merits of the case and be decided by the jury. The judge ruled —correctly—that the plea of prescription had to be tried and decided by him, in limine, because, by the terms of the statute, the defendant was protected, not only against being punished, but also against being prosecuted or tried for the offense, if the facts alleged in his plea were true; and of course he bore the burden of proof of his allegation that the alleged offense was made known to a public officer having the power to direct a prosecution a year or longer before the bill of information was filed. See State v. Posey, 157 La. 55, 101 So. 869, overruling State v. Bischoff, 146 La. 748, 84 So. 41, and overruling State v. Richard, 149 La. 568, 89 So. 697, and reinstating and affirming State v. Barrow, 31 La. Ann. 691, State v. Barfield, 36 La. Ann. 90, and State v. Robinson, 37 La. Ann. 676.

Having heard the evidence on the question as to when the offense was first made known to an officer, the judge decided that it was not known by the sheriff or any other officer as long as a year before the bill of information was filed; and, having concluded, for that reason, that the plea of prescription was not well founded, the judge refused to hear the evidence offered by the defendant to show that he had not absconded or fled from justice.

The defendant was then tried by a jury of five, and was convicted and sentenced to imprisonment in the penitentiary. On appeal, the conviction and sentence were annulled, and the case was remanded for further proceedings. We found from the evidence that the sheriff knew of the shooting soon after it occurred, and we ruled that the plea of prescription was therefore well founded if the defendant did not abscond or flee from justice; hence we directed the judge to hear the evidence on that question. At the same time, we ruled that, if the judge should find that the prosecution was not barred by the statute of limitations,

the case should be tried by a jury of twelve, and not by a jury of five, because, in the Act 9 of 1912, making such a crime triable by a jury of twelve, the right was reserved to the state to prosecute for such a crime committed before the statute went into effect. See State v. Hayes, 161 La. 963, 109 So. 778.

[3] When the plea of prescription was again called for trial in the district court, the district attorney renewed his protest against the trial being had by the judge alone, and insisted that the plea should be referred to the merits of the case and be submitted to the jury for decision. The judge overruled the district attorney's objection, and he reserved a bill of exceptions to the ruling. The state's brief is devoted entirely to the argument that, inasmuch as the defendant's plea of prescription depended upon questions of fact, it should have been submitted to the jury for decision. We adhere to our opinion that the defendant had the right to have his plea of prescription tried and decided by the judge in limine, in order to have the protection of the statute of limitations, which, by its terms, protected him, not only against being convicted or punished for the offense, but also against being prosecuted or tried for the offense, if the facts alleged in his plea were true. It is true that the issue raised by the plea of prescription depended entirely upon questions of fact; but they were not questions of fact relating to the question of guilt or innocence of the defendant. As a general rule, in criminal trials, judges decide only questions of law, and juries decide questions of fact; but an exception to the rule is that judges have to decide those questions of fact on which they base their rulings and which do not relate directly to the question of guilt or innocence. The judges are deciding such questions of fact every day, in passing upon the competency of witnesses or of jurors, upon the admissibility of dying declarations or of confessions, upon the question of present insanity, upon the question whether the crime was committed within the territorial jurisdiction of the court, upon the question whether there was a separation or misconduct of the jury, etc. In all such cases, a record of the testimony on the questions of fact is brought to this court for review, under the express provisions of the Act 113 of 1896, p. 162; and no one has yet questioned the constitutionality of the act. There is nothing in the Constitution forbidding either the district judges or this court to decide, in criminal cases, questions of fact on which are based the rulings of the court and which do not relate directly to the question of guilt or innocence of the party accused. The ninth section of article 19 of the Constitution declares merely that the jury in all criminal cases shall be the judges of the law and of *the facts on the question of guilt or innocence*, having been charged as to the law applicable to the case by the presiding judge.

[4, 5] A defendant whose prosecution is barred by the statute of limitations has the right, of course, to waive the special plea in limine and allow the question of prescription to be involved in the general issue of not guilty, to be decided by the jury. And even when the plea of prescription has been considered and disposed of in limine by the judge, if he overrules the plea, the defendant is not thereby precluded from relying on the defense under his plea of not guilty. 8 R. C. L. 134, § 113. To that extent only are the decisions in State v. Foster, 7 La. Ann. 255, State v. Victor, 36 La. Ann. 978, State v. West, 105 La. 639, 30 So. 119, and State v. Drummond, 132 La. 749, 61 So. 778, appropriate. None of those decisions is quite appropriate to this case, because in none of them did the defendant ask to have

his plea of prescription decided by the judge in limine. The statement in State v. West and in State v. Drummond, that the judge had no authority to decide the plea of prescription before putting the defendant on trial for the crime charged was not necessary or appropriate to the decision, and was contrary to the language of the statute of limitations, which protects a defendant, not only against punishment or conviction, but also against prosecution or trial for the crime charged. In both of those cases it was said that the plea of prescription presented a mixed question of law and fact. It should have been said that the plea of prescription presented only a question of fact but that it was not a question of fact relating to the question of guilt or innocence. There is really no such thing as a mixed question of law and fact. What is sometimes so misnamed is a question which depends for its solution upon a question or questions of law and a question or questions of fact; but every such complicated proposition, when analyzed, is resolved into its elements of well-defined questions either of law or of fact, to be decided either by the judge or by the jury. Forsyth's Trial by Jury, 242, 243. The all-important point to be considered here, however, is that, although the question presented by a plea of prescription in a criminal case is a question of fact, it is not a question of fact relating to the guilt or innocence of the party accused, and, in order to avail the defendant of the protection which the statute in terms affords, the plea must be decided by the judge in limine if the defendant demands it.

[6] The testimony convinces us that the district judge was right in deciding that the defendant did not abscond or flee from justice, and that the prosecution was therefore barred by prescription. Immediately after the trouble, the defendant, who is a colored man, fled from the wrath of Mr. Philips, who was a prominent citizen, and who, with a party of sympathizers, but without an officer or warrant of arrest, was hunting for the man. He was then about 20 years of age and was living at his mother's home on a plantation adjoining that of Mr. Philips. He left his mother's home immediately after the trouble, for fear of Mr. Philips and the other members of the party hunting for him, and went into an adjoining parish, where he found employment and remained. He married there and has five children. During the last seven years before he was arrested he lived with his wife and children within a mile from the parish in which the crime is supposed to have been committed, and within a mile from the residence of a justice of the peace, who knew him but did not know that he was accused of any crime. He went about his daily occupations as a laborer on a plantation, without changing his name or concealing his identity. During twenty-seven years after the trouble he avoided meeting Mr. Philips; but for that discretion he is not to be blamed. The reason why he was not apprehended during those many years is that there was no warrant issued for his arrest, nor charge preferred against him, until Mr. Philips made an affidavit, more than twenty-seven years after the date of the alleged crime. There is no reason why the statute of limitations should not bar such a belated prosecution under the facts of this case. The benefit of the statute should not be withheld from an accused person merely because he goes to another part of the state to avoid further trouble with the aggrieved party, and there establishes a permanent abode, in good faith, and makes no attempt to evade the officers of the law or to conceal himself from any one else except the offended party. 16 C. J. 229, § 351.

The judgment is affirmed.