(113 So. 546)

No. 28606.

## STATE v. BEALE.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⚖➝1091(3)—Bill of exception, not showing that question objected to was answered or how, is without merit.**

    Bill of exception, not showing how question objected to was answered, or that it was answered, is without merit.

2. **Criminal law ⚖➝1111(3)—Bill of exception to refusal of special charge held without merit, where court stated defendant's counsel did not object or except to general charge or request special charge.**

    Bill of exception, not signed by judge, who stated per curiam that defendant's counsel did not object or reserve any bill to any portion of general charge, and, in reply to question at conclusion thereof, stated that he had no special charge to submit, and that judge never heard of exception to refusal of special charge set forth in bill until latter was filed several days after trial, *held* without merit.

3. **Criminal law ⚖➝288—Defendant, requesting submission of plea of prescription to jury, waived right to trial thereof by court in limine (Rev. St. § 986, as amended by Act No. 50 of 1894, as amended and re-enacted by Act No. 73 of 1898).**

    Defendant, requesting that plea of prescription, under Rev. St. § 986, as amended by Act No. 50 of 1894, as amended and re-enacted by Act No. 73 of 1898, be referred to jury for determination as fact question, waived right to trial and disposition thereof by court in limine.

4. **Criminal law ⚖➝1159(5)—Supreme Court cannot review jury's finding on plea of prescription.**

    Supreme Court is without power to review jury's finding on plea of prescription submitted to them by agreement.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Lindsey Beale was convicted of embezzlement, and he appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

Percy Saint, Atty. Gen., John Fred Odom, Dist. Atty., of Baton Rouge, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J. On November 30, 1926, the district attorney of the Nineteenth judicial district filed an information in the district court for the parish of East Baton Rouge, charging the defendant with having embezzled $214.25 from the Pollack Company, a private corporation, on June 23, 1924. The information also alleged that the accused "did immediately after the commission of said offense flee and abscond from justice and so remained until within one year of the filing of this bill of information," etc.

Upon the trial of the case, defendant filed a plea of prescription which was referred to the jury.

The trial resulted in a verdict of guilty as charged, with a recommendation for mercy, and defendant was sentenced to imprisonment for one year in the state penitentiary. He has appealed from the conviction and sentence, relying upon three bills of exception to obtain the annulment thereof.

[1] Bill No. 1. Mr. R. J. Duhon, a deputy sheriff, called as a witness by the state, was asked by the district attorney:

163 LOUISIANA REPORTS

"Is it not a fact Lindsey was a fugitive from justice?"

Defendant objected to the question on the ground that the deputy, not being a lawyer, was incompetent to answer. The objection was overruled; the court holding that the witness was the best judge as to whether or not he could answer the question. The bill, however, fails to show how the question was answered, or that it was answered at all. It is therefore without merit. State v. Thompson, 161 La. 296, 108 So. 543; State v. Hollingsworth, 160 La. 26, 106 So. 662; State v. Christian, 160 La. 525, 107 So. 393; State v. Scara, 153 La. 907, 96 So. 805.

[2] Bill No. 2 was reserved to the alleged refusal of the trial judge to deliver a special charge set forth in the bill. The bill, however, was not signed by the judge, who in a statement per curiam shows that counsel for defendant did not object nor reserve any bill to any portion of his general charge, and that at the conclusion of his general charge, in reply to his question, counsel for defendant stated that he had no special charge to submit. The trial judge declares he never heard of nor saw the exception until the bill was filed in the record several days after the conclusion of the trial. There is no merit in the bill.

[3] Bill No. 3 was taken to the overruling of a motion for a new trial. Defendant, in his motion, reiterated the errors complained of in the prior bills, and averred, further, that the jury erred in failing to sustain his plea of prescription. In his plea defendant avers that he was charged by affidavit before the city judge of the city of Baton Rouge on June 23, 1924, with having committed the crime of embezzlement on the same day, and that no further proceedings were had in the matter until November 30, 1926, when the present information was filed against him; that more than a year having elapsed from the date the alleged offense was made known to a public officer having power to direct a public prosecution and the date of the filing of the information, his prosecution therefor is barred by the statute of limitations; that the allegations of the information negativing prescription are contrary to the facts and documentary evidence as will be established on the hearing of the plea. Defendant relies on Rev. St. § 986, as amended by Act 50 of 1894, as amended and re-enacted by Act 73 of 1898.

The trial judge gives as his reasons for overruling the motion for a new trial on this point that, when the case was called for trial, defendant filed his plea of prescription in the form of a motion to quash, and waived his right to have the plea tried and disposed of by the court in limine, by requesting that it be referred to the jury and passed upon by them as a fact in the case. This was agreed to by the district attorney, and, after hearing testimony thereon, the jury refused to sustain the plea. He further states that he heard the evidence in question, and that he had no hesitancy in saying that there was no error committed by the jury in so doing.

[4] The bill is untenable. Defendant could have required that his special plea be tried and decided in limine by the trial judge, and, if it had been overruled, he would not have been precluded thereby from relying on it as a defense under his plea of not guilty. However, he waived, as he had a right to do, the trial of the special plea in limine and permitted the question of prescription to be involved in the general issue of not guilty, to be decided by the jury. State v. Hayes, 162 La. 917, 111 So. 327; State v. Sullivan, 159 La. 589, 105 So. 631. And this court is without power to review the finding of the jury on the question thus submitted to them.

For the reasons assigned, the verdict and sentence appealed from are affirmed.