Carrol Graziani and Lee O'Neil were Jointly indicted and tried, and convicted of robbery. Both have appealed. O'Neil's appeal presents three bills of exception; that of Graziani presents six bills.
 I.
Bills of exception O'Neil No. 1 and Graziani No. 1 were reserved to the refusal of the trial judge to grant the defendants a severance. The grounds urged for seeking a severance were that each of the defendants desired to use his codefendant as a witness in his behalf; which he could not do if both were put on trial at the same time. These are the same grounds as those urged by the defendants and rejected by this court in State v. Larocca et al., 121 So. 744,[1] No. 29604 of our docket (bills No. 1), and on the authority of that decision these exceptions are overruled.
Bills of exception O'Neil No. 2 and Graziani No. 5 were reserved to the refusal of the trial judge to charge the jury as follows:
"If either of the defendants has testified as a witness, then I charge you that you have the right to consider his testimony as you would that of any other witness, and either for or against the one so testifying, and either for or against his codefendant, as you should decide from all the evidence."
The trial judge refused said charge on the ground that: "The law, as the court understands *Page 300 
it, is that a co-defendant on a joint trial cannot testify either for or against his co-defendant; the law restricting such testimony to the accused so testifying."
In State v. Larocca et al., 121 So. 744,[2] No. 29604 of our docket (bills Nos. 3 and 4), this court approved a similar ruling by the district judge, citing State v. Smith, 156 La. 689, 101 So. 22, and State v. Dreher, 166 La. 924, 118 So. 85. On those authorities these exceptions are overruled.
We note, however, that in those three cases (Smith, Dreher, and Larocca), as in this, the offenses were committed before the adoption of the new Code of Criminal Procedure, Act 2 of 1928, Regular Session, and were triable under the law as it stood before the adoption of that Code. See Code Crim.Proc. art. 583, § 2. Those cases, and this, are therefore not authority as to cases involving offenses committed since that Code went into effect (at noon, August 1, 1928), which changed the law on that subject so as to read as follows:
"Art. 474. When several persons are on trial at the same time, under the same indictment, each may be a witness on his own behalf or on behalf of his codefendants."
 II.
Bill of exception Graziani No. 2. The defense witness Vincent Donza was asked on cross-examination whether his (witness') brother had not signed the bail bond of one Willie Eugene, and over the objection of the defendant, that the cross-examination extended beyond the scope of the examination in chief, the witness was allowed to answer that he had. The per curiam of the district Judge is as follows:
"The question to which objection was made, asked by the District Attorney, was proper, in order to test the credibility of the witness. The man mentioned, Willie Eugene, *Page 301 
was arrested as an accessory after the fact to the crime charged against the defendants, and it was perfectly proper to ask this witness if it was not a fact that his brother had signed the bond of the man arrested as such accessory, in order to show the interest this particular witness might have in the outcome of this case, on account of the relationship existing between his brother and the man Willie Eugene, who had been arrested as an accessory."
We think the ruling of the trial judge was correct. A witness may always be cross-examined touching his interest, or want of interest, in the case on trial; that is a matter affecting his credibility, and a proper matter for the consideration of the jury in passing thereon.
Bill of exception Graziani No. 3. The same witness was asked on cross-examination whether his own place of business was not a hang-out for thieves, to which he answered, "I don't know anything about thieves." He was then asked whether or not one Roy Montgomery had not been arrested there, to which counsel for defendant objected that, if the state wanted to show that Montgomery was a thief, it should produce the record, and then added, "Montgomery was tried and acquitted," to which the district attorney answered, "We have no objection to that [meaning the record]; you know now that he is in the Parish Prison charged with robbery."
Counsel for the defendant thereupon objected to this remark of the district attorney and asked the court to instruct the jury to disregard it. (Which would have left uncontradicted before the jury the statement of counsel for the defendant that Montgomery had been tried and acquitted.)
The trial judge refused to instruct the jury to disregard the remark of the district attorney, on the ground that counsel for the defendant had brought it on himself [by his *Page 302 
statement that Montgomery had been tried and acquitted].
The per curiam of the district judge to this bill correctly disposes thereof, and is as follows:
"The question put to this witness, Vincent Donza, was proper in order to show what sort of establishment the said Vincent Donza operated in the City of New Orleans and to test his credibility as a witness. It is important for the jury to get an insight into the character of the witnesses testifying, and this can be done by showing that thieves, or men charged with thievery, loitered about the place of business of the witness.
"The remark of the District Attorney was in answer to a statement by the defense counsel and was a legitimate response to the statement made by the defense counsel."
Moreover, as to the question put to the witness, neither the exception nor the note of evidence shows that it was ever answered. A bill of exception not showing how the question objected to was answered, or that it was answered at all, is without merit. State v. Beale, 163 La. 1093, 113 So. 546, and authorities there cited.
Bill of exception Graziani No. 4 was reserved to a remark of the district attorney in his argument to the jury that, "Whether banditry will continue is a question for you."
The bill is without merit for two reasons: (1) The trial judge directed the jury to disregard the remark. State v. Horton,151 La. 683, 92 So. 298, and authorities there cited. (2) The remark was perfectly proper. It was simply a general argument, and "District Attorneys are entitled to argue their cases to the jury with the same latitude as counsel for the defense. * * * Their right to argue their case with all the eloquence at their command is quite as extensive as that of counsel for the accused." State v. Genna, *Page 303 163 La. 701, 112 So. 655; State v. Dreher, 166 La. 924, 118 So. 85.
 III.
Bills of exception O'Nell No. 3 and Graziani No. 6 were reserved to the overruling of their applications for a new trial. They present only the same points raised by the exceptions hereinabove passed upon; with an additional complaint as to the insufficiency of the evidence to support a conviction. This last, however, cannot be considered by this court.
[1] Ante, p. 204.
[2] Ante, p. 204.
 Decree.
The judgments appealed from are therefore affirmed.
O'NIELL, C.J., and OVERTON, J., dissent, the former dissenting from the rulings on bills 2 and 5, for the reasons given in his dissenting opinion in State v. Larocca (No. 29604) 121 So. 744,[1]
and the latter dissenting from the ruling on bill No. 1.
[1] Ante, 9. 204.