327

328

88 So.2d 387

STATE of Louisiana

v.

Edward "Nig" HOWARD.

No. 42791.

May 7, 1956.

Rehearing Denied June 11, 1956.

A. V. Pavy, Edward V. Pavy, Opelousas, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Y. Fontenot, Dist. Atty., Morgan J. Goudeau, III, Asst. Dist. Atty., Opelousas, for appellee.

MOISE, Justice.

Edward "Nig" Howard was charged by indictment with having committed a battery with a dangerous weapon upon Mario Termini. He was tried, convicted, and sentenced to serve four years at hard labor in the State Penitentiary. From that conviction and sentence, he appeals.

The State's answer to a motion for a bill of particulars discloses that the defendant was charged with having shot Mario Termini. At the time of the alleged crime, Lake Pleasure Club located on Second the defendant, a caretaker for the Second Lake, was on the club's private property and Termini was in a boat on Second Lake, a public body of water.

Eight bills of exceptions were reserved during the course of the trial.

Bill of Exceptions No. Six was reserved to the action of the trial judge in overruling the motion to quash the indictment. This motion was predicated on the contention that the sessions of the Grand Jury were not conducted in conformity with LSA–Revised Statutes 15:215, in that the testimony of witnesses was transcribed by a recording machine instead of by a sworn stenographer. Having waived his immunity, the defendant was present at the session of the Grand Jury.

LSA–Revised Statutes 15:215 provides:

"The sessions of the grand jury shall be secret, but the district attorney, as their legal adviser, shall have free ac-

cess to said sessions; the district attorney may cause the testimony taken before the grand jury to be reported by a stenographer, who must be first sworn by the foreman of the grand jury; and whenever a witness is unable to speak the English language, the grand jury shall have the right, at its discretion, to employ an interpreter to translate the testimony of the witness, but such interpreter shall be first sworn to keep secret the proceedings of the grand jury."

 The above statute permits the district attorney to have access to the sessions of the Grand Jury and to have the testimony taken by a sworn stenographer. He is the legal adviser of the Grand Jury, and as a rule the testimony is taken for his use.

Bill of Exceptions No. Six does not disclose that any unauthorized person appeared before the grand jury, nor does it disclose that any unauthorized person played the record or that anyone who had not taken an oath of secrecy transcribed the recorded testimony.

Defendant relies on the case of State v. Watson, 34 La.Ann. 669, in which we held that the judge's appointment of a citizen, who was not a member of the Grand Jury, as a clerk of that body was unauthorized by law and could be made the ground of a motion in arrest of judgment. That case is inapplicable, as in the

instant case there was no unauthorized person before the Grand Jury.

Bill of Exceptions No. One was taken to the ruling of the trial judge in sustaining the State's objection to the cross-examination of Mrs. Ed Phillips, a State witness. The defendant was attempting to prove, by cross-examination of Mrs. Phillips, hostility, interest and bias in the case, by showing that there was a previous difficulty between Mrs. Phillips and Mr. Lawrence Thistlethwaite, a member of the Board of Managers of defendant's employer, Second Lake Pleasure Club.

The State contends that the cross-examination of Mrs. Phillips, relative to a previous difficulty with someone other than the accused, was entirely foreign to the case, and that the evidence would have been irrelevant and immaterial.

LSA–Revised Statutes 15:492 provides:

"When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same."

In the case of State v. Graziani, 168 La. 297, 121 So. 872, 874, this Court stated:

"* * * A witness may always be cross-examined touching his interest,

or want of interest, in the case on trial; that is a matter affecting his credibility, and a proper matter for the consideration of the jury in passing thereon."

In State v. Leahy, 175 La. 659, 144 So. 138, 140, we further said:

"This court has held repeatedly that: 'It is always competent in a criminal case to show the feeling entertained by a witness *towards the person against whom he is called upon to testify.*' State v. Cullens, 168 La. 976, 123 So. 645, 647; State v. Graziani, 168 La. 297, 121 So. 872; State v. Wilson, 163 La. 29, 111 So. 484."

The purpose of the cross-examination in the instant case was to show a dispute with a third person, not with the accused.

In the case of State v. Cullens, 168 La. 976, 123 So. 645, 647, this Court held that the trial court was correct in sustaining an objection to testimony on cross-examination as to whether the defendant's father had the witness' father arrested on a charge of highway robbery. The question was propounded for the alleged purpose of showing bias or prejudice on the part of the witness against the defendant. We stated:

"If defendant's theory be accepted, nevertheless it does not establish an actual or direct bias or prejudice on the part of the witness against him, but only a circumstance from which

bias or prejudice might exist or be inferred. The circumstance, itself, is too remote. The fact that defendant's father caused the arrest of the witness' father on a criminal charge unconnected with the offense for which defendant, himself, is being prosecuted, may be a reason for the existence of an unfriendly feeling on the part of the witness against defendant's father, but it by no means follows that it has also produced in his mind a feeling of hostility towards the defendant. If testimony of this character can be introduced to discredit a witness, the question then recurs: Where is the limit to the introduction of testimony on collateral facts for that purpose? If a quarrel or ill feeling between the parent of a witness and a parent of an accused can be relied on to discredit the testimony of the witness, family quarrels, disputes, and hostilities ad infinitum can be inquired into for the purpose of disqualifying a member of one of the families from giving impartial testimony against a member of the other family. This would result in no end of collateral issues in a criminal prosecution, and it would have a far reaching effect in impairing public confidence in the accuracy and impartiality of human testimony."

We believe that the above reasoning applies to the present prosecution and that this Bill of Exceptions No. One is not well founded.

Bill of Exceptions No. Two was reserved to the trial court's permitting the district attorney to cross-examine the defendant as to 'facts and circumstances surrounding a plea of guilty in the Parish of Pointe Coupee to the charge of manslaughter some twenty-five years prior to the commission of the crime in the instant case.

In answer to questions propounded to him by his own counsel, the defendant admitted his prior conviction, but he testified that he changed his plea of "Not Guilty of Murder" to "Guilty of Manslaughter", because after being in jail for two years he got tired and plead guilty.

In its per curiam the trial court stated:

"This witness on direct examination testified that in the Parish of Pointe Coupee when he was seventeen or eighteen years of age, he had been charged with killing a man by the name of Goudeau and that after remaining in jail for some two years, he got tired and plead guilty. Now, on cross-examination, the District Attorney has inquired if it were not a fact that the defendant at that time was represented by a gentleman by the name of Ferd Claiborne, who obtained a continuance for him after being indicted for murder and that in a subsequent term of Court represented by an attorney by the name of Albin Provosty, another continuance was obtained and at the time the question was asked of the witness if it were not a

fact that subsequent to those two continuances, he changed his plea of not guilty and entered a plea of guilty to manslaughter at which point counsel for the defendant objected.

"The objection is overruled because of the prior testimony brought out on direct examination by the defendant and the District Attorney is permitted consequently to test his credibility as to various steps and reasons why the plea was changed and the time involved and reasons for the delay."

Defendant relies on LSA–Revised Statutes 15:495, as amended in 1952, which reads:

"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."

■ While it is true that ordinarily the only inquiry that may be made is wheth-

er the accused has or has not been previously convicted, that does not preclude the State from contradicting the defendant's testimony given in his examination in chief upon an issue which he has brought into the case. State v. Walters, 135 La. 1070, 66 So. 364. The trial judge was correct in his ruling.

Bill of Exceptions No. Three was reserved to the ruling of the trial judge, which permitted the State to introduce a certified copy of the minutes of the Court of Pointe Coupee Parish for the years 1929 and 1930 (relative to the charge referred to in Bill of Exceptions No. Two), for the purpose of showing that two motions for a continuance in that case were made by defendant's own counsel.

■ Since we have ruled that the cross-examination by the State, as to incidents connected with the defendant's prior pleas of "Guilty", was permissible to rebut the defendant's own testimony with regard to the reason for delay, we, likewise, concur in the ruling of the district judge in this instance.

Bills of Exceptions Nos. Four and Five were reserved to the restriction the trial court placed upon the testimony of two character witnesses summoned by the defendant after he had taken the stand. These witnesses were not permitted to express their personal opinion as to the reputation of the accused. Both testified that they had never heard his general reputation discussed.

■ LSA–Revised Statutes 15:479 expresses the general rule that character is determined by general reputation and not by individual opinion. It reads:

"Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him."

In State v. Ciaccio, 163 La. 563, 112 So. 486, 488, we said:

" * * * A witness is not in a position to testify affirmatively to the reputation of the accused unless he has heard it discussed."

■ We do not think that the defendant was prejudiced by the ruling of the trial judge, especially since the jury had the advantage of considering the testimony of the two character witnesses to the effect that they had never heard the reputation of the defendant discussed. Consequently, the trial court was correct in restricting the testimony of these character witnesses, and there is no merit in Bills of Exceptions Nos. Four and Five.

Undoubtedly, Bills of Exceptions Nos. Seven and Eight have been abandoned by defendant's counsel. We find the following statement in brief:

"Bills of Exception VII and VIII were based upon action of the District Court in overruling the motions in arrest of judgment and for a new trial and which motions present

nothing new to the Court except as would appear under the discussion of the other bills reserved."

Accordingly, no further comment is necessary on Bills of Exceptions Nos. Seven and Eight.

For the reasons assigned, the conviction and sentence are affirmed.