No. 2921.—STATE OF LOUISIANA v. BENJAMIN FORREST

In a criminal case the accused is entitled to an appeal from the verdict of the jury and the judgment of the court thereon, if the offense charged is of sufficient magnitude to give the appellate court jurisdiction, without reserving bills of exceptions during the progress of the trial, or making a motion in arrest of judgment or making a formal assignment of errors apparent on the face of the record. 13 An. 486, 489.

Except for the crimes of murder, arson, robbery, forgery and counterfeiting, all prosecutions must be commenced by the finding of the indictment or by filing the information within one year next after the offense shall have been committed. Revised Statutes of 1870, § 986. Therefore if the accused has been tried and convicted of the crime of horse stealing, and has taken an appeal therefrom, the verdict will be set aside and the judgment of the court below reversed, if the record shows that the information was not filed until more than one year had elapsed after the offense was committed.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *M. A. Estevan,* District Attorney, for the State. *J. T. Howell,* for defendant and appellant.

LUDELING, C. J. The information, filed in this case on the eighth of November, 1869, charged the defendant with having stolen a horse on or about the first day of January, 1868. He was convicted and sentenced, and he has appealed. There was no motion to quash the information, no bill of exceptions taken during the progress of the trial, no motion in arrest of judgment, nor formal assignment of errors on the face of the record.

But upon the authority of the cases of State v. Henderson and State v. Conner, 13 An. 486 and 489, which favor the liberty of the citizen, we feel it to be our duty to entertain the appeal.

It is not charged that the prisoner had fled from justice, or that the crime was not discovered or denounced until within one year before the information was filed. Except under these circumstances, the law prescribes that "no person shall be prosecuted, tried or punished for any offense, willful murder, arson, robbery, forgery and counterfeiting

55

excepted, unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall be done or committed," etc. Revised Statutes of 1870, p. 195, § 986.

The conviction was on an information which is clearly insufficient, as more than one year had elapsed between the commission of the offense and the prosecution.

It is therefore ordered that the verdict of the jury be set aside, and that the judgment of the district court be arrested.