## No. 13,142.

### STATE OF LOUISIANA VS. ALLEN ANDERSON.

#### SYLLABUS.

1st. The averment stated that an information in order to negative prescription was limited to the allegation that the defendant fled from justice.

2nd. The affirmative of the question at issue was assumed by the State. The defendant was not bound, in order to sustain his plea of prescription, to prove that he was not a fugitive from justice, as charged.

3rd. Relative to the averment negativing prescription on the ground that knowledge of the crime was not given to an officer having authority to direct the prosecution, the court heretofore held that the burden was on the defendant, who could easily prove the affirmative, that an officer was at least aware of the charge.

4th. As relates to the averment that defendant was a fugitive from justice, there is no direct interchangeable expression under which a negative might be changed to an affirmative and proof required of the affirmative proposition. Either he was a fugitive or he was not. If he was a fugitive, it was for the State to prove it, and not for the defendant to prove that he was not.

#### ON REHEARING.

A defence being prescription, based on the face of the indictment, the burden of proof is on the State to rebut the plea by evidence.

Failing to discharge the same, the prosecution is terminated, and the defendant is released from further custody.

State vs. Anderson.

ON APPEAL from the Eighteenth Judicial District Court for the Parish of Lafourche.  *Caillouet, J.*

*M. J. Cunningham,* Attorney General, and *L. C. Moise,* District Attorney, for Plaintiff and Appellee.

*Bealtie & Beattie* for Defendant and Appellant.

Argued and submitted April 22, 1899.
Opinion handed down May 1, 1899.
Judgment modified and rehearing refused May 29, 1899.

On the application for rehearing by WATKINS, J.

The opinion of the court was delivered by

BREAUX, J.   The accused was indicted for shooting with intent to murder.  He was found guilty of shooting with intent to kill.

The serious question of the case grows out of the refusal of the court to charge that where the averment in an information negatives prescription, the burden is on the State to prove the averment.

As it is a matter of some importance, we copy the two bills of exceptions taken on this point, *in extenso.*  Having pleaded that the offense charged was prescribed and that no conviction could be had upon the information here presented, for the reason that more than one year had elapsed before the filing of the information for the offense, "and it being shown to the court that no evidence" or testimony had been introduced to prove any fleeing from justice, the defendant asked the court to charge as follows:

"Fleeing from justice is an affirmative fact, which it was possible for and incumbent on the State to prove, and not on the defendant to disprove, as he cannot be held to prove a negative."   Which charge was refused and a bill reserved.   The court rested its refusal on the authority of the State vs. Robinson, 37th Ann., 673, and charged, as shown by another bill of exception, number 3:   "If the indictment on the face shows the crime is prescribed, it then becomes necessary for the indictment to set out the exception which takes it out of prescription, and if the indictment does this, then the burden of proof is on the accused to disprove this exception."

To this part of the charge a bill of exception was reserved.

The information contains the following, inserted in order to nega-

State vs. Anderson.

tive the plea of prescription: "And the said Allen Anderson did, at the time of the commission of said offense, flee from justice and remained a fugitive from justice up to his incarceration in the parish jail of Lafourche on the fourth day of February, 1899."

The foregoing averment, all that is contained in the information regarding the plea of prescription argued, shows that the information contains no averment that any knowledge of the offense charged was ever given to any officer having authority to direct the prosecution.

The only question before the court is whether the defendant was a fugitive, and whether, from that one fact, it is to be assumed that prescription was suspended.

It follows that the fact of the suspension of prescription, as relates to a crime unknown to the officers before the information was filed, is not before us for decision.

As relates to the charge that the defendant was a fugitive from justice until a short time before the information was filed, we think that the affirmative of the issue was assumed by the State. We must hold that the State was bound by her averment to prove that the accused was a fugitive.

We have naught to do in this case with the naked question of prescription. We only have to deal with the one fact that the State alleged that the defendant was a fugitive. We must hold that to this extent the State assumed the burden of proof. *Semper necessitas prebandi incumbit illi qui agit.*

In the case of the State vs. Barrow, 31st Ann., 695, the averments were interchangeable. The court said that the State could not, under the circumstances, be held to prove a universal negative; but "if the *onus* is on the defendant, he need only prove that knowledge was brought to one of such officers. He need only prove a particular affirmative."

Here it is different. The State did not have to prove a universal negative. It only had to prove that the defendant was a fugitive.

In view of this we do not think that it devolved upon the defendant to prove that he was not a fugitive.

There is no interchangeable expression from negative to affirmative, as relates to one who may have been, or may not have been a fugitive. If we were to make an attempt to draft a proposition in that direction, we would have to assume, in order to give it the color of an affirmative, that the defendant should have proven that he remained at home dur-

ing the whole time that he was charged with having been a fugitive, or that he was always prepared to vindicate his innocence. These are not interchangeable expressions; they would only be strained efforts to convert a negative into an affirmative.

We feel quite confident that, as relates to the one fact charged, flight from justice, the *onus* of proof was on the State, and that refusal to give the instruction requested was error. Proof of an absolute negative cannot very reasonably be required. There must be evidence admitted, strong enough to establish, at least, a *prima facie* case of absence as a fugitive from justice. State vs. Foster, 7 An., 255.

It follows from the foregoing that the proceedings in this case are null and void, and that the defendant must be discharged from further prosecution under the information filed.

For reasons assigned, it is ordered, adjudged and decreed that the information filed in this case is a nullity; and it is ordered and decreed that the verdict, sentence and judgment of the court are annulled, avoided and reversed, and that the defendant be released from custody, not being subject to prosecution under the information filed.

### On Application for Rehearing.

WATKINS, J. On the part of the State an application for rehearing is filed.

It stands on four propositions.

(1) That, under Act 73 of 1898, prescription does not lie when the jury finds a verdict for a lesser offence than the one charged.

We think that the terms of that statute do not include the case brought against the accused. The statute reads: "Nor shall the prescription and exemption hereinbefore provided apply to any case of a lesser crime or offence under an indictment for *murder, robbery, forgery or counterfeiting.*" The accused was not charged with any of the offences before stated.

(2) That the Supreme Court has jurisdiction in criminal cases on questions of law alone.

We think that the question growing out of the refusal of the court to instruct the jury as requested, was a question of law, and not one of fact. The question of the *onus* of proof in matter such as that decided by us has always been considered a question of law. The de-

cisions cited in our original opinion are, that it has always been so treated by this court.

The third proposition that the Supreme Court cannot take cognizance of facts relative to the questions of prescription, we consider is included in the second proposition, and for that reason we pass it without comment.

And, lastly, as to the fourth proposition on behalf of the State, it is stated; where the question grows out of the refusal to give a special instruction, and the request is erroneously refused, "it is only an error, and the case should be remanded."

We are informed by the recital in the bill of exception, and this is not denied by the learned judge of the District Court, that no evidence went to the jury proving that the accused was a fugitive from justice. The ruling in that respect was stated in our original opinion.

The averment of the information, that the defendant was a fugitive, was not proven. It follows that the State did not negative the plea filed by the defendant that more than twelve months had elapsed between the commission of the offence and the bringing of the information, and the accused cannot be tried for the same offence, in order to enable the State to prove an allegation negativing the plea of prescription.

Had the *onus* of proof been with the defendant, instead of with the State, and he failed to prove that he was not a fugitive, he would not have been entitled to another trial.

The same rule governs the State.

In declining to remand the case, we deem it proper to state that the defendant cannot be placed in jeopardy and cannot again be prosecuted for the offence; and reiterate that the defendant is entitled to be discharged and released; and it is so ordered.

Although it is not of any practical importance, we desire to cancel and take out of our former decree the words: "that the information filed in this case is a nullity;" and we leave the remainder of the decree undisturbed, and in full force. Applications for rehearing refused both as relates to the State and to the accused.

BLANCHARD, J., dissents.