(101 So. 869)

No. 26765.

**STATE v. POSEY.**

(Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤⟶1134(4) — Exception held frivolous and to present no question of law for review.**

Bill of exception reserved to overruling of motion for new trial on ground that verdict is contrary to law and evidence presents no question of law for review and is frivolous.

2. **Criminal law ⬤⟶288—Right to have plea of prescription tried in limine held waived.**

In prosecution under Hood Act, defendant waived his right to have his plea of prescription tried in limine where such plea was referred to the merits without objection and reservation of bill of exception by defendant.

3. **Criminal law ⬤⟶330 — Burden to prove knowledge of competent officer more than year previous to filing of 'information held on defendant.**

On plea of prescription, burden was on defendant to prove that offense had been brought to knowledge of a competent officer more than a year previous to filing of information.

4. **Criminal law ⬤⟶336—Plea of prescription held properly overruled where not supported by evidence.**

Defendant's plea of prescription was properly overruled where he failed to introduce any evidence in support of such plea.

5. **Criminal law ⬤⟶336—Insufficiency of evidence to show that plea of prescription to liquor prosecution not well founded held no ground for complaint.**

Defendant could not complain of insufficiency of evidence adduced by state to show that his plea of prescription was not well founded, burden resting upon him to establish such plea by affirmative proof, in view of Act No. 73 of 1898.

Appeal from Sixth Judicial District Court, Parish of Catahoula; S. R. Holstein, Judge.

Sam Posey was convicted under the Hood Act, and he appeals. Affirmed.

D. W. Gibson, of Harrisonburg, for appellant.

Percy Saint, Atty. Gen., and E. B. Moore, Dist. Atty., of Winnsboro (Percy T. Ogden, Asst. Atty. Gen.), for the State.

By the WHOLE COURT.

LAND, J. [1] Defendant has appealed from a conviction and sentence under the Hood Act (Act 39 of 1921). The transcript contains two bills of exception. The first is reserved to the overruling of a motion for a

new trial on the ground that the verdict is contrary to the law and the evidence. This bill presents no question of law for review, and is frivolous.

[2] The second bill is taken to the overruling of a plea of prescription of one year. The information was filed May 19, 1924, and alleges that the violation of said act occurred "during the ——— April, 1923," and was never brought to the knowledge or attention of an officer authorized to institute a prosecution.

The plea of prescription was referred to the merits, without objection and reservation of bill of exception by the defendant, who thereby waved his right to have said plea tried in limine.

[3] Following the decisions of this court in State v. Bischoff, 146 La. 748, 84 So. 141, and State v. Richard, 149 La. 574, 89 So. 697, holding that the burden rests upon the state to support its allegation in the indictment negativing prescription, the district attorney proved by a state's witness that he had never made the fact of his purchase of whisky from defendant known to any one authorized to prosecute until the 19th day of May, 1924, the date the information was filed in the case.

The defendant, however, presented no witness to establish the allegation in his plea of prescription that the violation charged in the information had been fully investigated by the grand jury during the May term of court, 1923.

The Bischoff Case overruled the former decisions of this court in State v. Barrow, 31 La. Ann. 694, and in State v. Barfield, 36 La. Ann. 89, in which it was held by our predecessors that the onus is not on the state to prove the negative, but on the defendant to establish the affirmative, i. e., that the commission of the offense was made known to some competent officer more than one year previous to the filing of the indictment or in-formation. The reasons sustaining these decisions are given by the court as follows:

"Ordinarily, a negative averment has not to be proved, and often cannot be. The negation is not susceptible of proof other than by proof of the affirmative fact which is denied. The negation here is that knowledge of the crime was not brought to a public officer of requisite authority. The proof must be of the affirmative fact, that such knowledge was thus brought to him. Upon whom is the onus? It must rest on the party who can most conveniently and most certainly make the proof. Now an affirmative can more certainly, naturally, and logically be proved than a negative. If the onus is on the state, then it must prove that knowledge was not brought to any of its officers who had authority to investigate the crime. It must prove a universal negative. If the onus is on the defendant, he need only prove that knowledge was brought to one of such officers. He need only prove a particular affirmative." State v. Barrow, 31 La. Ann. 694; State v. Barfield, 36 La. Ann. 89.

The logic of these earlier decisions is unanswerable. In our opinion, they correctly state the rule as to the burden of proof where prescription is negatived in an indictment or information. We therefore reinstate and reaffirm the Barrow and Barfield Cases, and overrule State v. Bischoff, 146 La. 748, 84 So. 141, and State v. Richard, 149 La. 574, 89 So. 697, in so far as these later cases conflict with the views herein expressed.

[4] The burden being upon the defendant to prove that knowledge of the offense had been brought to a competent officer more than a year previous to the filing of the information in this case, and defendant having failed to produce any evidence in support of his plea of prescription, the plea was properly overruled.

[5] Defendant cannot be heard to complain of the insufficiency of the evidence adduced by the state to show that the plea of prescription is not well founded; the burden resting upon defendant to establish his plea by affirmative proof. Act 73, 1898.

The conviction and sentence appealed from are therefore affirmed.