92 So.2d 63

STATE of Louisiana

v.

Herbert LATIL.

No. 42777.

May 7, 1956.

On Rehearing Dec. 10, 1956.

Jack P. F. Gremillion, Atty. Gen., M. E. ·Gulligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Fred S. LeBlanc, Baton Rouge, for appellant.

C. Ory Dupont, Plaquemine, James D. Womack, Baton Rouge, Charles O. Dupont, Plaquemine, for defendant-appellee.

HAMITER, Justice.

On April 7, 1955 the district attorney of East Baton Rouge Parish filed a bill of information (No. 24,051 on the criminal dock- ·et of the court of that parish) charging that ·the defendant, Herbert Latil, on the 8th day of October, 1953 "* * * feloniously did violate Title 40, Section 962 et seq., Revised Statutes of Louisiana, in that he unlawfully had in his possession certain quantities of narcotic drugs.

"*Second Count:* The District Attorney hereby informs the Court that although more than one year has elapsed from the date of the offense stated herein and the filing of this bill, the prescription of one year does not apply and is hereby negated, for the reason that the accused was charged with the same offense in No. 22,407 on the Criminal Docket of this Court, filed on April 2, 1954; that the accused was arraigned on said bill on April 2, 1954 and said bill was thereafter nolle prossed on February 23, 1955 for the reason that the original thereof was misplaced or lost, and therefore the prescription of one year as provided by Article 8 of the Louisiana Criminal Code does not apply and is hereby negatived, contrary to the form of the Statutes of the State of Louisiana, * * *."

Pursuant to a motion by defense counsel the state furnished a bill of particulars with reference to the kind, quantity and location of the narcotics allegedly possessed.

Thereafter, the defendant tendered a motion to quash bill No. 24,051, in reading in part as follows:

"The Bill of Information Number 23,777 charging the same identical offense, was held prescribed by this Hon-

orable Court on the 4th day of March, 1955, and that your mover can not be tried further therefor.

"Wherefore, mover prays that this motion to quash filed herein be sustained and that said Bill of Information No. 24,051, be adjudged null and void and that he be discharged."

Following a hearing on such pleading the district court rendered and signed a judgment decreeing " * * * that the motion to quash and the plea of prescription be and they are hereby sustained and the accused is ordered discharged." .

The state is appealing from that judgment.

The record discloses proceedings in the district court as hereafter set forth.

For the narcotic possession offense allegedly occurring on October 8, 1953, the accused was originally charged on April 2, 1954 (within a year from the date of the occurrence), in bill of information No. 22,407. A nolle prosequi was entered as to such bill on February 23, 1955, or more than a year after the commission of the alleged crime, because the original thereof had been misplaced (it was later found).

In place of the dismissed charge, and on the last mentioned date, bill No. 23,777 was filed. It followed the language of the first bill and failed to negative the prescription of one year, i. e., by reciting the prior time-

ly charging of the accused. To this second bill defendant tendered what was styled a plea of prescription; and on a hearing of it the court denied a request by the state to be permitted to amend the bill, so as to negative prescription, and sustained the plea.

Thereafter on April 7, 1955, the state filed bill No. 24,051, first above quoted, which recited the offense originally charged and properly negatived prescription. The defendant, as afore shown, then moved to quash this third bill on the ground that the second bill which charged the identical crime, had been decreed prescribed. Thereupon the court rendered the judgment, sustaining the motion to quash and ordering the defendant discharged, from which the instant appeal was taken by the state.

The sustained motion to quash does not and could not properly present a plea of former jeopardy or autrefois acquit, because the defendant has never been brought to trial. LSA–R.S. 15:277 and 279. Evidently by it, in view of the allegation therein contained that bill No. 23,777 was held prescribed, res judicata was intended to be pleaded.

This court has said that the "doctrine of res judicata does not apply to criminal prosecution." Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761, 763. However, numerous courts of other jurisdictions, to quote from 147 A.L.R. 992, have held: "The doctrine of res judicata, by

which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is applicable to judgments in criminal prosecutions."

Nevertheless, even under the holdings of such other courts we are of the opinion that the ruling relied on by defendant herein, and on which his plea of res judicata is based, did not foreclose the right of the state to file the third bill of information as the trial court decreed in the judgment appealed from.

According to LSA–R.S. 15:8 the filing of a bill of information before an offense has prescribed by one year has the effect of interrupting prescription; and if such information be quashed or otherwise dismissed the prescriptive period shall begin to run against another information based on the same facts "only from the time that said original * * * information * * * was quashed, set aside, annulled or nolle prosequied." Thus, the matter of interruption is important in deciding whether or not an offense has actually prescribed. However, in the instant cause that matter was not distinctly placed at issue by defendant's so-called plea of prescription and, hence, was not directly determined by the judgment sustaining such plea and on which the res judicata contention is predicated.

Defendant's plea, which according to the court minutes was considered on argument of counsel and without the taking of any evidence on question of interruption, unquestionably was directed at the insufficiency of the second bill of information; and the court sustained it obviously because such bill, disclosing the elapse of more than a year since the crime's commission, did not negative prescription. The attack, in other words, was leveled merely at the defective second bill of information and the plea was in effect a motion to quash or a demurrer.

Therefore, the court's ruling in sustaining defendant's plea was not a holding that the alleged offense had in fact and in law prescribed; it amounted to nothing more than the quashing or setting aside of the defective second bill. And it did not serve to prevent the state's filing of the third bill which properly negatived prescription and, in accordance with LSA–R.S. 15:8, was timely presented.

Our attention is directed by defense counsel to the failure of the state, in prosecuting this appeal, to furnish any perfected bills of exceptions. We are of the opinion that in making our determination herein none was needed, for the error noted above appears to be one patent on the face of the record. However, if because of a lack of bills of exceptions we should not examine the several proceedings to which reference is above made, and thus we are restricted to

a consideration of the third bill of information and the motion to quash it, nevertheless the judgment sustaining that motion must be reversed. The third bill, insofar as prescription is concerned, is sufficient on its face and was timely filed.

For the reasons assigned the judgment appealed from is reversed and set aside, the motion to quash is overruled, and the case is remanded for further proceedings according to law.

## On Rehearing

FOURNET, Chief Justice.

This is an appeal by the State of Louisiana from the ruling of the judge of Division "A" of the Nineteenth Judicial District Court dated December 16, 1955, dismissing the prosecution of the accused for illegal possession of narcotics under Bill of Information No. 23,051 on his motion to quash, which is based on the ground that the judgment of Division "B" rendered on March 4, 1955, upholding the defendant's plea of prescription, was a bar to any further prosecution for this same offense.

The record shows the defendant was arrested on October 8, 1953, for possession of marijuana and was formally charged on April 2, 1954, by Bill of Information No. 22,407, with having violated "Title 40, Section 962 et seq., Revised Statutes of Louisiana, in that he *unlawfully* had in his possession certain quantities of narcotic drugs * * *" on October 8, 1953. After the district attorney had been permitted to amend this bill by inserting the underscored word "unlawfully," the bill was, on February 23, 1955 (the date set for trial), nolle prossed at the district attorney's request.[1]

On the same day—February 23, 1955—the district attorney filed Bill of Information No. 23,777, charging the defendant with the same offense. On March 4, 1955, the accused, availing himself of the provisions of Article 8 of the Code of Criminal Procedure,[2] filed a plea of prescription in

1. The minutes of the court do not reflect the reason for the nolle prosequi, but the district attorney, in a third bill, alleged this was because the original had been lost or misplaced. During oral argument he stated the original was later found.
2. Article 8 of the Code of Criminal Procedure, as amended and incorporated in R.S. 15:8, reads as follows:
 "No person shall be prosecuted, tried or punished for any offense, murder, aggravated rape, aggravated kidnapping, aggravated arson, aggravated burglary, armed robbery, and treason excepted, unless the indictment, information, or affidavit for the same be found or filed within one year after the offense shall have been made known to the judge, district attorney or grand jury having jurisdiction; but this prescription shall not apply to prosecution and conviction for a lesser offense under an indictment or information for murder, aggravated rape, aggravated kidnapping, aggravated arson, aggravated burglary, armed robbery, or treason. Nor shall any person be prosecuted for any fine or forfeiture unless the prosecution for the same shall be insti-

bar of his prosecution on the information. This plea was based on the fact the information had been returned on February 23, 1955, more than one year after the offense was alleged to have been committed, i. e., on October 8, 1953. Following argument on this plea, the state requested permission to amend the information so as to negative prescription. This permission was denied by the trial judge, who thereupon sustained the plea of prescription. The state neither reserved bills to the rulings refusing permission to amend and sustaining the plea of prescription; nor did the state appeal.

On April 7, 1955, a third information, bearing No. 24,051, was filed. Therein the accused was charged for the third time with the identical offense contained in the two previous bills. However, in this new bill prescription was negatived by alleging that it had been interrupted upon the filing of

Bill of Information No. 22,407 on April 2, 1954. This third bill was quashed and the defendant ordered discharged on his motion which pleaded the judgment of March 4, 1955, as a bar to further prosecution for this same offense, the trial judge observing: *"The plea of prescription having previously been sustained by Judge Herget,* in the opinion of the court, *the district attorney had no legal right to file another information charging the same offense * * *."* This is the ruling from which the state now prosecutes this appeal. (Emphasis supplied.)

As pointed out in American Jurisprudence, generally "In the absence of statutes of limitation specially applicable to criminal cases, a prosecution may be instituted at any time, however long after the commission of the criminal act. In most jurisdictions, however, statutes have been enacted to limit

tuted within six months of the time of incurring such fine or forfeiture.

"Provided, that in all criminal prosecutions an indictment found, or an information filed, or an affidavit filed where prosecution may be by affidavit, before the above prescription has accrued, shall have the effect of interrupting such prescription; and if any such indictment, information or affidavit be quashed, annulled or set aside, or a nolle prosequi be entered, prescription of one year and six months, respectively, as above provided, shall begin to run against another indictment, information or affidavit based on the same facts, only from the time that said original indictment, information or affidavit was quashed, set aside, annulled or nolle prosequied.

"In felony cases when three years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not been tried, and if the district attorney fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered the same as if entered by the district attorney.

"Nothing in this article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf."

the time for the commencement of criminal proceedings." Vol. 15, p. 31, Section 342. Such statutes are regarded as "acts of grace, and as a surrendering by the sovereign of its right to prosecute or of its right to prosecute at its discretion, and they are considered as equivalent to acts of amnesty. * * * In contradistinction to statutes of limitations applicable to civil actions which * * * are ordinarily statutes of repose going to the remedy only, criminal statutes are usually regarded as creating a bar to the right of prosecution; however, according to some authorities statutes of limitation applicable to criminal proceedings are held to be statutes of repose." 22 C.J.S., Criminal Law, § 223, p. 350.

Louisiana has had such a provision in its law since the adoption of Section 10 of Act 121 of 1855. As subsequently amended (Section 986 of the Revised Statutes of 1870, Acts 50 of 1894, 73 of 1898, 67 of 1926, and 2 of 1928, the latter being the Code of Criminal Procedure), this provision is now incorporated in our law as R.S. 15:8,[3] and discloses by its very language it was intended to be a complete bar to the right of the state to bring any subsequent prosecution, for it declares in clear and unmistakable language that *"no person shall be prosecuted,* tried or punished *for any offense * * * unless the* indictment, *information, or affidavit for the same be found or filed within one year after the offense shall have been made known to the judge, district attorney or grand jury having jurisdiction * * *."* (Emphasis supplied.)

 The defendant having tendered the plea of prescription of one year in limine during his prosecution under Bill of Information No. 23,777, he had a right to have this plea disposed of prior to trial. State v. Hayes, 162 La. 917, 111 So. 327; State v. Gendusa, 193 La. 59, 190 So. 332. The judgment sustaining such a plea is a complete bar to a subsequent prosecution for the same offense. State v. Anderson, 51 La.Ann. 1181, 25 So. 990; State v. Crawford, 83 W.Va. 556, 98 S.E. 615; State v. Soucie, 234 Ind. 98, 123 N.E.2d 888; State v. Porter, Mont., 300 P.2d 952; 15 Am.Jur. 45, Section 367; note to In re Begerow, 56 L.R.A. 513; annotation at 3 A.L.R. 519; United States v. De Angelo, 3 Cir., 138 F.2d 466; Wilson v. U. S., 8 Cir., 166 F.2d 527; Cosgrove v. U. S., 9 Cir., 224 F.2d 146; and United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161. So much is this so that a valid prescriptive plea has the effect of not only protecting the accused against conviction and punishment, but also of relieving him of ever being tried for the same offense. State v. Sullivan, 159 La. 589, 105 S. 631; State v. Hayes, 162 La. 917, 111 So. 327; State

---

3. This section is quoted in full in the first note, supra.

v. Gendusa, 193 La. 59, 190 So. 332; and State v. Stanton, 209 La. 457, 24 So.2d 819. The same obtains regardless whether the plea of prescription is tendered in limine (State v. Posey, 157 La. 55, 101 So. 869; State v. Sullivan, supra; State v. Hayes, supra; State v. Brown, 185 La. 1023, 171 So. 433; and State v. Gendusa, supra), to the jury (State v. Anderson, 51 La.Ann. 1181, 25 So. 990; State v. Posey, 157 La. 55, 101 So. 869; State v. Hayes, supra; State v. Beale, 163 La. 1093, 113 So. 546; and State v. Brown, 185 La. 1023, 171 So. 433), or after conviction. State v. Bischoff, 146 La. 748, 84 So. 41; State v. Block, 179 La. 426, 154 So. 46; State v. Oliver, 193 La. 1084, 192 So. 725; State v. Guillot, 200 La. 935, 9 So.2d 235. The plea may be an effective bar even after trial and conviction and appeal, while the case is pending in the superior court. State v. Forrest, 23 La. Ann. 433; State v. Pierre, 49 La.Ann. 1159, 22 So. 373; State v. Davis, 44 La.Ann. 972, 973, 11 So. 580; and State v. Foley, 113 La. 206, 36 So. 940.

 As was very aptly stated in United States v. Oppenheimer, supra [242 U.S. 85, 37 S.Ct. 69], which is the leading case on the subject and was handed down in 1916 by the United States Supreme Court, with Mr. Justice Holmes as the organ of the court, "Of course, the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for the defendant upon the ground that the prosecution is barred goes to his liability as a matter of substantive law, and one judgment that he is free as matter of substantive law is as good as another. *A plea of the statute of limitations is a plea to the merits* (United States v. Barber, 219 U.S. 72, 78, 31 S.Ct. 209, 55 L.Ed. 99, 101, *and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution.*" (Emphasis supplied.)

The argument advanced by the state is somewhat vague on this phase of the case. It would appear counsel labor under the impression there was no trial of the plea of prescription because, as stated in brief, "no testimony had been taken;" consequently, that the state was not required to perfect a bill of exceptions to the ruling of the trial judge, or to appeal therefrom. In fact, as the brief further reflects, "the state's position was that the error complained of was patent on the face of the record." Under these circumstances, it is argued, the plea interposed by the accused in the instant case cannot be a plea of former jeopardy or autrefois acquit since the defendant has never been brought to trial; that the plea is, at best, one of res judicata, a doctrine that does not apply to criminal prosecutions. (For a discussion of the distinction between the plea of autrefois acquit and one of res judicata, see United States v. Carlisi, D.C., 32 F.Supp. 479.)

 This argument is without merit. Of course, had the state, after it was alerted to

the defect in the second information by the filing of the plea of prescription on behalf of the accused, moved to nolle prosequi this information also, there might be substance to the argument. See, State v. Murray, 222 La. 950, 64 So.2d 230. But the record clearly shows that the plea of prescription was submitted in limine by counsel for the accused, that the trial judge had a hearing thereon, that this point was argued at the hearing, and that *the trial judge sustained the plea,* thereby terminating the prosecution. All of this was had contradictorily with the district attorney. The fact that the trial judge erroneously overruled the state's motion to amend the information so as to negative prescription is immaterial. It was then the duty of the state to reserve a bill to this ruling, to introduce and attach to this bill evidence to support its contention that the offense charged was not prescribed, and, since the judgment had the effect of terminating the prosecution, to appeal within 10 days. State v. Shushan, 204 La. 672, 16 So.2d 227; State v. Lecompte, 214 La. 117, 36 So.2d 695, and the authorities therein cited. See State v. Stanton, 209 La. 457, 24 So.2d 819 and State v. Murray, 222 La. 950, 64 So.2d 230, where this procedure was followed.

 A rule universally obtaining is that the doctrine of res judicata—by which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same parties—is applicable to judgments in criminal prosecutions. See the annotations at 3 A.L.R. 519 and 147 A.L.R. 992. See, also, 15 Am.Jur. 45, Section 367, and particularly the additions thereto in the pocket supplement; 22 C.J.S., Criminal Law, §§ 223–237, p. 349; and the note at 56 L.R.A. 513. As stated by Mr. Justice Hawkins, an English jurist of great experience in the criminal law, in Reg. v. Miles, L.R. 24 Q.B.Div. 423, "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, the adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense. * * * *In this respect the criminal law is in unison with that which prevails in civil proceedings.*" Mr. Justice Holmes, quoting this statement with approval in the Oppenheimer case, supra [242 U.S. 85, 37 S.Ct. 69], adds: "The finality of a previous adjudication as to the matters determined by it is the ground of decision in Com. v. Evans, 101 Mass. 25, *the criminal and civil law agreeing.*" (Emphasis supplied.)

There is a "so-called" minority view that is, as pointed out by the annotator at 147 A.L.R. 994, based on "some dicta, but very little real authority, denying the applicability of the doctrine of res judicata to judgments in criminal cases." Among the authorities supporting such a minority view is

listed the case of Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761, 763, which is the source of the statement that in Louisiana "the doctrine of res judicata does not apply to criminal prosecutions." A study and analysis of this decision, however, discloses the statement was made without further discussion or elaboration and without citation of authority. Additionally, it clearly has no application in the instant case since the accused in the St. Martinville case was being prosecuted for a second and distinct offense, not for the same offense.[4]

It is obvious, therefore, that whether you label defendant's motion a plea in bar, a plea of res judicata, or an estoppel (see United States v. Carlisi, D.C., 32 F.Supp. 481; United States v. Halbrook, D.C., 36 F.Supp. 345; United States v. Morse, D.C., 24 F.2d 1001; United States v. Simon, 3 Cir., 225 F.2d 260), as was so aptly stated by Mr. Justice Holmes in the Oppenheimer case, "one judgment that he is free as a matter of substantive law is as good as another. A plea of the statute of limitations is a plea to the merits * * *, and however the issue was raised in the former case, after judgment upon it, it could not be reopened in a later prosecution. * * * The safeguard provided by the Constitution against the gravest abuses has tended to give the impression that when it did not apply in terms, there was no other principle that could. But the 5th Amendment was not intended to do away with what in the civil law is a fundamental principle of justice (Jeter v. Hewitt, 22 How. 352, 364, 16 L.Ed. 345, 348) in order, when a man once has been acquitted on the merits, to enable the government to prosecute him a second time." [242 U.S. 85, 37 S.Ct. 69.]

For the reasons assigned, the judgment is affirmed.

On Rehearing

HAMITER, Justice (dissenting).

A rose is a rose regardless of any other name by which it is designated. And the defense motion tendered and sustained herein on March 4, 1955, was only a demurrer or a motion to quash even though it was styled a plea of prescription.

Indisputably the one year prescription was interrupted by the filing of the initial information on April 2, 1954, and it could not commence to run anew until February 23, 1955, when such information was nolle prosequied (the original thereof had been lost or misplaced).

On the latter date, as a substitute for the initial charge, there was filed the informa-

4. The annotator at 147 A.L.R. 994 recognizes the statement to be purely obiter, for it is pointed out that "the actual holding seems to have been merely that this doctrine would not conclude the question of the constitutionality of a municipal ordinance, in a subsequent prosecution."

tion to which the defense motion of March 4, 1955, was directed. Although timely submitted, it failed to negative prescription. Solely because of this failure or defect (prescription not having actually accrued) it was vulnerable to an attack by the defendant, the prayer of whose sustained pleading was "for judgment * * * sustaining this Plea of Prescription *and that said Bill of Information filed herein be quashed, annulled and set aside* and that your defendant be dismissed and discharged." And such attack had to be made by means of a demurrer or a motion to quash, for as stated in Louisiana Code of Criminal Procedure Article 288, LSA–R.S. 15:288, "Defects in indictments can be urged before verdict *only by demurrer or a motion to quash, * * *."* (Italics mine.)

Accordingly, the filing of the final information on April 7, 1955, was timely, being well within the one year prescriptive period which commenced anew on February 23, 1955, and the accused should not be discharged. In our Code of Criminal Procedure Article 8, LSA–R.S. 15:8, it is said that if an information, indictment or affidavit be quashed, annulled, set aside (just as resulted here from the sustaining of defendant's motion), or a nolle prosequi be entered, the applicable prescription "shall begin to run against another indictment, information or affidavit based on the same facts, only from the time that said original indictment, information or affidavit was quashed, set aside, annulled or nolle prosequied."

For these reasons, as well as those assigned on the original hearing, I respectfully dissent.