ARMSTRONG, Judge.
Terry C. Oltmann was charged on September 1,1987 by bill of information with a violation of LSA-R.S. 14:34.1, relative to the offense of second degree battery. The defense filed a motion to quash the information. On February 11, 1988, after a hearing on the motion, the trial court sustained the motion to quash. The State requested and was granted an appeal pursuant to LSA-C.Cr.P. art. 912.
The motion to quash hearing addressed whether the bill of information should be quashed because the State had already charged the defendant with the same offense in a prior case, 111-995. The prior case had been dismissed by the Court upon oral motion of the State.
In Case, No. 111-995, Division “B”, the defendant, on April 15, 1987 was charged by bill of information with second degree battery, a violation of La.R.S. 14:34.1. The alleged offense occurred on January 31, 1987. It was committed against Wallace Boutwell. On June 1, 1987 the defendant pleaded not guilty at his arraignment. On June 3, 1987 the defendant filed a motion for a preliminary examination which was set for July 8, 1987. On July 8, 1987 the defendant requested a continuance. On August 10, 1987, the next scheduled date for the preliminary examination, the State’s witness, Wallace Boutwell, did not appear, although he had been personally served. The State attempted to contact him from court, but was unsuccessful. Consequently, the State moved the Court to dismiss the case based upon the failure of its witness to appear. The Court thus, upon oral motion of the State, dismissed the suit.
On appeal, the State contends that the second bill of information should not be quashed because it was filed within six months after the State’s dismissal of the first bill of information; thus the reinstitution of prosecution was authorized under La.C.Cr.P. arts. 691 and 576.
The defendant contends that, since the Court had dismissed the prior suit, the matter had been “adjudicated with finality”, thus the State could not reinstate prosecution by the filing of another bill of information.
A review of the pertinent code articles governing the dismissal of prosecution reveals that the State’s position is correct.
La.C.Cr.P. art. 691 provides:
*2 The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court. Amended by Acts 1968, No. 142, § 1.
La.C.Cr.P. art. 693 provides:”
Dismissal by the district attorney of an indictment or of a count of an indictment, discharges that particular indictment or count. The dismissal is not a bar to a subsequent prosecution, except that:
(1) A dismissal entered without the defendant's consent after the first witness is sworn at the trial on the merits, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed; and
(2) A dismissal entered after a city court conviction has been appealed to the district court for a trial de novo, shall operate as an acquittal and bar a subsequent prosecution for the charge dismissed.
La.C.Cr.P. art. 576 provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state show’s that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article ’578.
In discussing the State's ability to reinst-itute prosecution the court in State v. Foster, 510 So.2d 717 (La.App. 1 Cir.1987) wrote:
The district attorney has broad discretion to dismiss charges; and, generally, further prosecution is not affected by a nolle prosequi. La.C.Cr.P. arts. 691, 693. La.C.Cr.P. art. 576 bars further prosecution only if the dismissal was for the purpose of avoiding the time limitation for the commencement of trial.
The prior suit was dismissed on August 10, 1987 upon oral motion by the State in open court as authorized by La.C.Cr.P. art. 691. The second bill of information was filed bn September 1, 1987 within six months of the date of the dismissal of the prior suit. Thus the reinstitution of prosecution by the filing of the second bill of information was authorized under La.C. Cr.P. art. 576.
For the foregoing reasons, the order to quash the bill of information is vacated, and the case remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.