552 So.2d 781 (1989)
STATE of Louisiana
v.
Bobby Ray DANIELS.
No. KA 88 1823.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
*782 Bryan Bush, Dist. Atty., Office of Dist. Atty., by Joe Lotwrick, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Office of Public Defendant, Baton Rouge, for defendant/appellant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
The defendant, Bobby Daniels, was charged by Grand Jury indictment with second degree murder, in violation of La. R.S. 14:30.1. He pled not guilty and, after trial by jury, was found guilty as charged. He received the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant has appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to quash the indictment.
2. The trial court erred in denying the defendant's motion to recuse the district attorney's office.
The instant shooting occurred as a result of a $20.00 bet between the defendant and the victim, Roosevelt Brown, on a basketball game. The defendant apparently lost the bet approximately a week before the shooting. During the intervening time period, the victim made several attempts to collect the bet, but was unsuccessful. The victim began making public threats against the defendant in the presence of the defendant, his wife, and others.
On June 10, 1983, the defendant was advised by some friends that the victim had made additional threats against him. The defendant decided that he needed some "protection." He drove to a pawnshop and purchased a .44 caliber revolver. Later that day, the defendant confronted Roosevelt Brown about the debt, exchanged words with him, and shot him in the head at close range.
At the trial, the defendant explained that he was attempting to pay off the bet when Mr. Brown reached behind his back in what appeared to be an attempt to produce a weapon. The defendant, his wife, and several other witnesses testified about the verbal threats made against the defendant by Mr. Brown. However, there was no evidence that the victim was armed when the *783 shooting occurred. In finding the defendant guilty of second degree murder, the jury obviously rejected the defendant's claim of self-defense and likewise rejected the possibility that the shooting was committed in the heat of passion.
ASSIGNMENT OF ERROR NUMBER ONE:
The defendant contends that the trial court erred in denying his motion to quash the indictment. This assignment of error directly relates to the long, and somewhat complicated, procedural history of this case, which is outlined as follows. The defendant was initially indicted (first indictment) for second degree murder in June of 1983. Thereafter, his attorney, David Bourland, made a deal with the State for resubmission of the matter to the Grand Jury, at which time defense witnesses would be allowed to testify. This deal was made while Ossie Brown was the District Attorney in the 19th Judicial District. As part of the deal, defense counsel, David Bourland, agreed to withdraw from the case in order to avoid any appearance of impropriety due to his close ties with Ossie Brown. Subsequently, William Lowery enrolled as counsel for the defendant. However, in January of 1985, Bryan Bush became District Attorney. At this time, the State reconsidered the case and refused to resubmit the matter to the Grand Jury.
The defendant filed a motion to quash the indictment and/or recuse the District Attorney based on the State's breach of the deal. On March 11, 1985, after a hearing, Judge Bob Downing granted the motion. Instead of filing a writ application for review of Judge Downing's ruling, the State merely submitted the matter to the Grand Jury again. On April 10, 1985, the second Grand Jury indictment was returned against the defendant.
The defendant moved to quash the second indictment and filed another motion to recuse the District Attorney's Office. Because Judge Downing had recused himself, the motions were referred to Judge Joseph Keogh. On July 3, 1985, Judge Keogh denied the motions. The defendant applied to this Court for writs. In State v. Daniels, KW 85 1126, decided September 19, 1985, this Court granted in part and denied in part the defendant's writ application. This Court granted that portion of the writ application complaining of denial of the motion to quash and concluded that the State should be required to honor the original agreement to resubmit the case to the Grand Jury. The defendant contested this Court's action and applied to the Louisiana Supreme Court for writs. In State v. Daniels, 478 So.2d 903 (La.1985), the Louisiana Supreme Court denied writs.
The State complied with this Court's order and submitted the case to a Grand Jury for the third time. On April 17, 1986, the defendant was indicted for second degree murder for the third time. Again, the defendant filed a motion to quash the third indictment and a motion to recuse the District Attorney's Office. On June 19, 1986, Judge Keogh denied these motions.
Before trial, the defendant's original attorney, David Bourland, re-enrolled as defense counsel. Following a jury trial, the defendant was found guilty as charged and subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On June 23, 1987, finding that the defendant's assignments of error were not properly preserved for appellate review, this Court affirmed the defendant's conviction and sentence. State v. Daniels, 513 So.2d 560 (La.App. 1st Cir.1987). However, in State v. Daniels, 516 So.2d 127 (La.1987) the Louisiana Supreme Court ruled that the case should be remanded to the trial court for the purpose of allowing the defendant to perfect his assignments of error for appeal.
Citing State v. Latil, 231 La. 551, 92 So.2d 63 (1956), the defendant contends that, when Judge Downing quashed the first indictment, the State's only remedy was to apply to this Court for writs. He further argues that, when the State failed to take writs within the time granted to do so, Judge Downing's ruling quashing the first indictment became "a final and binding judgment." Instead, the State decided to resubmit the case to the Grand Jury, *784 which resulted in the second indictment against the defendant.
In State v. Daniels, KW 85 1126, decided September 19, 1985, this Court ruled that, although Judge Downing quashed the first indictment, the State was not precluded from reinstituting criminal proceedings in this case. This Court also concluded that, although the State had breached its agreement to resubmit the case to the Grand Jury, the defendant had suffered no permanent prejudice; and the obvious remedy was to require the State to again resubmit the matter to the Grand Jury, thereby allowing the defendant the opportunity to subpoena defense witnesses for the hearing, as originally agreed. The State followed this Court's directive, and the third (instant) indictment for second degree murder was the result.
In this appeal, the defendant has presented no new arguments to this Court. Therefore, we maintain our previous conclusion that Judge Downing's ruling quashing the first indictment did not prevent the State from reinstituting criminal proceedings against the defendant. We also maintain our previous decision that the defendant suffered no permanent prejudice by the State's breach of its agreement to resubmit the case to the Grand Jury, noting that this Court's order quashing the second indictment and requiring the State to resubmit the matter to a third Grand Jury placed the parties in the same position that they occupied before the agreement to resubmit was breached.
For the above reasons, this assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, the defendant contends that the trial court erred in denying his motion to recuse the District Attorney. Specifically, he contends that the District Attorney, Bryan Bush, had taken a personal interest in the case and, therefore, Mr. Bush and all of his assistants should have been recused. The defendant argues that the State's decision to breach the agreement to resubmit the case to the Grand Jury and the investigation into the practice of criminal law by East Baton Rouge Parish attorneys (Mr. Lowery was an attorney for East Baton Rouge Parish) proved that Mr. Bush had a personal interest in this case.
La.C.Cr.P. Article 680 provides, in pertinent part:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice[.]
The defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Edwards, 420 So.2d 663, 673 (La.1982).
On May 24, 1985, Mr. Bush testified at the hearing on the defendant's second motion to recuse the District Attorney's Office. Mr. Bush testified that his decision to breach the agreement to resubmit the case to the Grand Jury was based upon the fact that the case had already been submitted to a Grand Jury, resulting in an indictment against the defendant for second degree murder. Mr. Bush testified that he did not feel bound by the agreement to resubmit (which was made while his predecessor was in office). He explained: "I felt that the District Attorney's Office, me in particular, could make decisions on cases instead of hiding behind our Grand Jury and resubmitting cases back for decisions." Mr. Bush also explained the investigation into the practice of criminal law by parish attorneys. He stated that, in his opinion, parish attorneys should not practice criminal law because they have access to all of the records in every criminal case, thus giving them an unfair advantage. Mr. Bush testified that he had formed this opinion before he became District Attorney. He also testified that Mr. Lowery, the defendant's attorney, was not a target of the investigation. (Vol. 1, R 196-200).
In State v. Daniels, KW 85 1126, decided September 19, 1985, this Court concluded *785 the record did not support the defendant's contentions that Mr. Bush had a personal interest in the case. Again, we note that in the instant appeal, the defendant has presented no new arguments on this issue. Therefore, we conclude that the defendant has failed to prove that the District Attorney, or any of his assistants, had a personal interest in this case. Accordingly, the trial court properly denied the defendant's motion to recuse the District Attorney's Office.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.