GOTHARD, Judge.
The state appeals a decision granting the defendant’s motion to quash.
On July 6, 1989 the state filed a bill of information charging the defendant, Michael Defiore, with aggravated battery, a violation of LSA-R.S. 14:34. The charge arose out of an alleged altercation between defendant and the victim and the subsequent stabbing of the victim on Highway 18 in St. Charles Parish.
After several continuances, the matter was set and called for trial on February 26, 1991. The defendant and his counsel were present, but when the assistant district attorney called his witnesses, four key witnesses, including the alleged victim, did not appear. The trial then concluded, according to the transcript, which reads as follows:
MR. ALMERICO:
Your Honor, the witnesses that we have called are the eye witnesses and the victim in this particular instance ... only those persons necessary to proceed with this matter. The State will submit it as ... their failure to appear has prohibited my failure to go forward with this case.
THE COURT:
Again, under the Constitution to have a trial, it’s necessary to have witnesses to prove beyond a reasonable doubt. There is no witnesses. There’s no case. So, the matter is concluded. It’s just dismissed.
Thank you.
MR. VEZINA: [Defendant’s counsel]
Thank you very much, Judge.
MR. DEFIORE:
Thank you, sir.
MR. SALZER: [Defendant’s co-counsel]
Thank you, Judge.
THE COURT:
All witnesses ... police witnesses are excused.
On April 8, 1991, the state filed a second bill of information charging the defendant with the same offense. The defendant was arraigned on May 28, 1991. On January 9, 1992 he filed a motion to quash on grounds of double jeopardy and violation of his right to a speedy trial. Trial of the motion to quash was held on April 6, 1992. The defendant argued that the trial court had adjudicated the matter when the assistant district attorney submitted it on February 26, 1991. The state argued that jeopardy had not attached, as no witnesses had been sworn. The trial court granted the motion to quash.
The state appeals, urging one assignment of error. Assignment of Error: The trial judge erred in quashing the indictment reinstated by the district attorney.
*275 Both the United States and the Louisiana Constitutions include prohibitions against placing an accused twice in jeopardy. U.S. Const. Amend. Y; La.Const. Art. 1, Section 15 (1974). This protection against double jeopardy protects against a second prosecution for the same offense after acquittal. Burks v. United States, 437 U.S. 1, 16-17, 98 S.Ct. 2141, 2149-2150, 57 L.Ed.2d 1 (1978); State v. David, 468 So.2d 1133, 1134-1135 (La.1985), cert. denied, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986); State v. Hurst, 367 So.2d 1180, 1181 (La.1979).
La.C.Cr.P. art. 576 provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
It is the state’s position that the state dismissed the prosecution before the first witness was sworn at the trial and therefore the new indictment was permissible under La.C.Cr.P. art. 576 and State v. Oltmann, 551 So.2d 1 (La.App. 4 Cir.1989). The defendant contends that the state did not request a recess, a continuance, or a voluntary dismissal of the charge. He argues that the matter was submitted on the merits for a decision and the trial court rendered a decision in light of the pleadings and other attendant circumstances. As the defendant was acquitted, the adjudication is final and constitutes a bar to subsequent prosecution for the same offense. State of Louisiana v. Latil, 231 La. 551, 92 So.2d 63 (1956).
Accordingly, the crucial issue is whether the matter was indeed adjudicated. Black’s Law Dictionary 1278 (5th ed. 1979) defines submit as follows:
To commit to the discretion of another. To yield to the will of another. To propound; to present for determination; as an advocate submits a proposition for the approval of the court.
Furthermore, the definition of submit is discussed in 83 C.J.S. Submit Section 571 as follows, in pertinent part:
The verb “submit” is defined generally as meaning to present for determination; to commit to the discretion or judgment of another.
The legal definition of the word is to propound as an advocate, a proposition for the approval of the court, and as applied to a cause, the word “submit” is in common use, and means to refer a cause to a court or referee for disposition. (footnotes omitted).
Moreover, the term submission is defined in 83 C.J.S. Submission Section 557 as “generally meaning a yielding to authority” and when used regarding a controversy or action in court means “to refer or to place it before the court for determination.”
We are convinced from our review of the February 26,1991 transcript that the state did not move for a voluntary dismissal but presented (“submitted”) the case for determination by the court. The court then said There’s no case. So, the matter is concluded. It’s just dismissed.” As the court dismissed the case, Defiore was acquitted and cannot be prosecuted again for the same charge.
For the reasons stated above, the grant of the defendant’s motion to quash is affirmed.
AFFIRMED.