PLOTKIN, Judge.
The defendant was convicted of manslaughter after a grand jury returned an indictment for second degree murder. An earlier grand jury indictment for the same charge had been quashed because of witness perjury. The court denied the motion to quash the second indictment. The defendant appeals, and we affirm the connection.
Facts
The defendant was arrested for the murder of Gina Caire in a barroom after the defendant and her friends stole a key-ring pouch Which belonged to the victim. The defendant confronted the victim on the dance floor and shot her after a brief argument. A grand jury returned an indictment for second degree murder to which the defendant pled not guilty. The defendant’s motion to quash the indictment was filed after she learned that two of the State’s witnesses had perjured themselves at the grand jury proceeding. The motion was sustained before a jury panel had been sworn. The State did not appeal, but sought a second indictment from a grand jury on the same charge. The defendant filed a motion to quash the indictment on the grounds of perjury and double jeopardy. The motion was denied. After a trial *218 by jury, the defendant was found guilty of manslaughter. She was sentenced to fifteen years and ordered to pay court costs or serve additional time. The defendant appeals both the denial of the motion to quash and her sentence.
FIRST ASSIGNMENT OF ERROR
In her first assignment of error, the appellant contends that the trial court erred in denying the motion to quash the second grand jury indictment. The appellant’s argument is based upon the principle of double jeopardy and improper procedure by the State. The issue is whether the motion to quash the second indictment should have been granted because the State failed to seek review of the trial court’s ruling quashing the first indictment.
The State is not prevented from reinstating criminal proceedings against the defendant after a ruling quashing the first indictment. State v. Daniels, 552 So.2d 781 (La.App. 1st Cir.1989), writ denied, 558 So.2d 581. In that case the trial court granted the defendant’s first motion to quash the indictment because the State had failed to honor a plea bargain. The State reindicted the defendant and the defendant filed a second motion to quash. The court of appeal granted the motion because the prosecution failed to honor its prior agreement. The motion was denied and the defendant was then convicted and sentenced. On appeal, the defense contended that when the first motion to quash was granted, the only remedy available to the State was to apply for writs. It was improper, therefore, for the State to resubmit the matter to the grand jury. The First Circuit adopted its ruling in an earlier decision on the writ application, stating:
Therefore, we maintain our previous conclusion that Judge Downing’s ruling quashing the first indictment did not prevent the State from reinstituting criminal proceedings against the defendant. We also maintain our previous decision that the defendant suffered no permanent prejudice by the State’s breaeh of its agreement ... noting that this Court’s order quashing the second indictment and requiring the State to resubmit the matter ... placed the parties in the same position that they occupied before the agreement to resubmit was breached.
Id. at 784.
In the case on appeal, the Orleans Parish District Attorney’s Office was unaware that the witnesses, Donetta and DiCarla Dorset, had perjured themselves. Upon learning of the perjury, the State resubmitted the matter to the grand jury. This second appearance cured any prejudice suffered by the defendant when an indictment was issued based on perjured testimony.
LSA-C.Cr.P. art. 538 also contemplates the second filing of an indictment after a motion to quash has been granted:
The court shall order the defendant discharged from custody or bail, as to that charge, when it sustains a motion to quash based upon the ground that:
(1) The offense is not punishable under a valid statute;
(2) Trial for the offense charged would constitute double jeopardy;
(3) The time limitation for the institution of prosecution or for the commencement of trial has expired; or
(4) The court has no jurisdiction of the offense charged.
In other cases, when a motion to quash is sustained, the court may order that the defendant be held in custody or that his bail be continued for a specified time, pending the filing of a new indictment.
In Comment (a) of the Official Revision Comments to Article 538, quashing an indictment because of defective grand jury proceedings is included as an example of the “other cases” in which a defendant may be held pending the filing of a new indictment. We interpret the language in this section to mean that the prosecution may reindict a defendant after the trial court sustains a motion to quash.
The defendant’s second argument is that he was subjected to double jeopardy because the State failed to dismiss the first indictment before obtaining and filing the second one. Article 592 of the Code of *219 Criminal Procedure governs when jeopardy begins:
When a defendant pleads not guilty and is tried by jury, jeopardy begins when the jury panel is sworn pursuant to Article 790. When a defendant pleads not guilty, and is tried without a jury, jeopardy begins when the first witness is sworn at the trial on the merits. When a defendant pleads guilty, jeopardy begins when a valid sentence is imposed.
The defendant in the instant case was tried and sentenced only once. The first indictment was quashed prior to the second indictment being filed and before the jury panel was sworn. Therefore, the defendant was not placed in jeopardy twice. Furthermore, the appellant’s contention that the State was required to dismiss the first indictment is not logical. By granting the motion to quash, the indictment was dismissed by the trial court. A requirement that the State then enter a nolle prosequi or dismissal would be a redundancy. This assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR
In her second assignment of error, the defendant contends that her sentence is illegally excessive because the trial court ordered her to serve jail time in lieu of court costs. This assignment of error has merit.
The defendant was found to be indigent at the time of sentencing, and the trial court appointed counsel to represent her on appeal, and therefore is presumed indigent. An indigent defendant cannot be subjected to imprisonment for a longer period of time simply because he cannot pay a fine or court costs. State v. Berryhill, 562 So.2d 1105 (La.App. 4th Cir.1990). This prohibition exists even when the defendant is placed on probation. State v. James, 581 So.2d 349 (La.App. 4th Cir.1991).
In the instant matter, the trial court ordered that the defendant serve thirty days in jail in default of payment of court costs. The defendant’s sentence is amended to delete any reference to jail time in lieu of costs.
A review of the record for errors patent reveals that there are none.
Accordingly, the conviction is affirmed and the sentence affirmed as amended.
CONVICTION AFFIRMED AND' SENTENCE AMENDED.