807 So.2d 1080 (2002)
STATE of Louisiana
v.
Bryant C. LARCE.
No. 2001-KA-1992.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2002.
*1081 Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellant.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR.
Judge STEVEN R. PLOTKIN.
The issue in this appeal is whether the trial court erred in granting the defendant's motion to quash the bill of information.

PROCEDURAL HISTORY
On July 7, 2000, Bryan C. Larce was charged by bill of information in case number 415-470 with theft of goods worth more than $100 and less than $500 in violation of La. R.S. 14:67.10. The defendant pleaded not guilty at his arraignment on July 11th, and on July 14th, the day set for trial, the State moved for a continuance which was denied. The State announced its intention to take writs, and the court gave the prosecutor until 11:30 a.m. that day to file the writ. When the State's request for a stay was denied, the State entered a nolle prosequi reserving the right to reinstate the charges.
On August 23, 2000, the bill of information was again filed against Bryan C. Lance in case number 416-324. He was arraigned on September 9th and pleaded not guilty. At a hearing on the motions on September 12th, the defendant filed a motion to quash the bill of information complaining that the State lacks authority to nolle prosequi a case when it is compelled to trial by the court's denial of its motion to continue.[1] The court granted the defendant's motion.

STATEMENT OF FACTS
The only facts in the record indicate that the defendant is alleged to have committed theft of goods worth more than $100 and less than $500 from Tower Records.

ERRORS PATENT
A review of the record shows no errors patent.

ASSIGNMENT OF ERROR
In its brief, the State argues that the district attorney has control of criminal prosecution, including dismissing and reinstating cases. C.Cr.P. art. 691 explicitly grants the authority to dismiss any prosecution:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.
Furthermore, the only limitations the legislature has placed upon the State's ability to reinstate charges previously dismissed is found in C.Cr.P. art. 576:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney ... a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from *1082 the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
There is no indication in this case that the district attorney was avoiding time limitations set out in C.Cr.P. art. 578.[2]
At the hearing on the motion to quash, the defense argued that the State should have taken a writ as a remedy for the denial of the continuance rather than improperly using a nolle prosequi to obtain a continuance. The trial court reiterated that the State had been given a time frame to take writs and had not done so but had instead used its authority to dismiss the case and thereby circumvent the court's ruling. On appeal the State submits that when the trial court set out an immediate return date for writs, it effectively denied the State that remedy. The State was then forced to nolle prosequi the matter.
We find that the trial court erroneously granted the motion to quash. The district attorney controls dismissing and reinstating cases, and neither the defendant's statutory nor his constitutional rights to a speedy trial were violated by the State's dismissal and reinstitution of these charges. State v. Henderson, XXXX-XXXX (La.App. 4 Cir. 12/16/00), 775 So.2d 1138; State v. Oltmann, 551 So.2d 1 (La.App. 4 Cir.1989).

CONCLUSION
For the foregoing reasons, we find that the trial court erred in granting the defendant's motion to quash the bill of information.
Accordingly, the judgment is reversed and the case remanded to the trial court.
REVERSED AND REMANDED.
NOTES
[1] The defendant did not argue that his statutory or constitutional rights to a speedy trial were violated.
[2] Under C.Cr.P. art. 578(2), the district attorney has two years from the date of institution of the prosecution in this felony case. Between the filing of the original bill of information and the granting of the motion to quash the second bill, only a period of two months and one week passed.